was abundant to justify the verdict, and that the judgment should be affirmed.

Judgment, interlocutory judgment and orders affirmed; judgment affirming them to be entered, certified and remitted, pursuant to sections 547 and 548 of the Code of Criminal Procedure.

All concur, except Gray, J., absent.

Judgments and orders affirmed.

---

William Cooley, Appellant, *v.* Elmina E. Lobdell, as Administratrix of Gibson Lobdell, Deceased, Respondent.

1. Statute of Frauds — Insufficient Writing. A writing, which does not express the consideration and is so indefinite in its description of the land that the intention of the parties cannot be gathered from it, does not express a contract for the conveyance of land, or constitute a memorandum of such a contract, within the requirements of the Statute of Frauds.

2. Payment of Consideration for Land. Payment of the consideration, even in full, is not of itself such a part performance as will justify a court of equity in enforcing a verbal contract for the sale of land.

3. Possession. Residence by a married woman, with her husband, on premises which he had orally contracted for a good consideration to convey to her, and of which he continued in possession the same after the contract was made as before, does not constitute such a possession as will entitle her to enforce the contract.

4. Improvements. To render improvements made by the purchaser of land under an oral contract of sale acts of partial performance which will estop the vendor from setting up the Statute of Frauds as a bar to the enforcement of the contract, they must be substantial and permanent in character, such as would not have been made except in reliance upon the contract, and the loss thereof a sacrifice to the purchaser.

5. Statute of Limitations. Neither a change in the ownership of a cause of action, nor a subsequent demand, arrests the running of the Statute of Limitations after it has once commenced.

6. Damages in Lieu of Specific Performance — Limitation of Action. An action for damages in lieu of specific performance of a contract for the conveyance of land is barred if, when it was commenced, the ten years' limitation provided for actions in equity had run against the cause of action for specific performance.

7. Cause of Action — Time of Accruing. The fact that the vendor in a contract for the sale of land, on which the purchaser had paid the con-

sideration, has put it out of his power to perform by conveying the property to a third person, does not change the cause of action for recovery of the value of the property in lieu of specific performance into one for money had and received so that it can be deemed not to have accrued until the sale to the third person.

*Cooley* v. *Lobdell,* 82 Hun, 98, affirmed.

(Argued June 24, 1897; decided October 5, 1897.)

APPEAL from a judgment of the General Term of the Supreme Court in the fourth judicial department, entered December 15, 1894, affirming a judgment in favor of defendant entered upon a nonsuit granted at Circuit.

The nature of the action and the facts, so far as material, are stated in the opinion.

*A. D. Wales* for appellant. The parol contract between Olive Y. Lobdell and Gideon, her husband, was taken out of the Statute of Frauds by a part performance, and became an enforceable obligation. (*Smith* v. *Smith,* 125 N. Y. 224; *Dunckel* v. *Dunckel,* 141 N. Y. 427; *Godine* v. *Kidd,* 64 Hun, 585; *Matthews* v. *Matthews,* 62 Hun, 110; 133 N. Y. 679; *Van Epps* v. *Clock,* 25 N. Y. S. R. 899; *Kenyon* v. *Youlen,* 53 Hun, 591; *Dill* v. *Harbeck,* 17 N. Y. S. R. 607; *Dunckel* v. *Dunckel,* 56 Hun, 26; *Wood* v. *Rabe,* 96 N. Y. 414; *Piper* v. *Hoard,* 107 N. Y. 73.) Part performance in equity gives the equitable vendee under our Statute of Frauds an existing legal right under contract to the same extent as though a written contract of the same import as the parol one existed. (4 R. S. [8th ed.] 2599, § 10; Pom. Eq. Juris. 80, §§ 96, 102; Pom. on Rem. 79, § 67; *Rindge* v. *Baker,* 57 N. Y. 215; 2 Story on Cont. § 885; *Hudson* v. *Caryl,* 44 N. Y. 553; *Parker* v. *Laney,* 58 N. Y. 469; *Matthews* v. *Matthews,* 133 N. Y. 679.) The parol contract was taken out of the Statute of Frauds by the letter of Gideon Lobdell to his wife. (Wood on Stat. of Frauds, 680, § 353; Fry on Spec. Perf. § 411; *Webster* v. *Webster,* 27 L. J. Ch. 115; *Raubitschek* v. *Blank,* 80 N. Y. 478.) The cause of action to recover the proceeds of Gideon Lobdell's sale of the lands in 1887 had not out-

lawed when this action was begun. (*Hulbert* v. *Clark*, 128 N.
Y. 295; *Johnson* v. *A. & S. R. R. Co.*, 54 N. Y. 416; *Walter-
mire* v. *Westover*, 14 N. Y. 16; *Sands* v. *St. John*, 36 Barb. 628;
*Baldwin* v. *Martin*, 11 Abb. Pr. [N. S.] 9; *Jones* v. *Mer-
chants' Bank*, 4 Robt. 227; *Kirkman* v. *Philips*, 7 Heisk.
222; *Nearing* v. *Brown*, 10 N. Y. S. R. 637.) Independent
of all the foregoing considerations, no cause of action to
recover these lands or money existed in behalf of any party
until after the death of Gideon Lobdell, he being a tenant by
curtesy of his wife's lands. (*Dunning* v. *O. Nat. Bank*, 61
N. Y. 498; *Bucklin* v. *Ford*, 5 Barb. 395; Angell on Lim.
§§ 54, 62; *Davis* v. *Garr*, 6 N. Y. 124; *Jennings* v. *Jones*,
2 Redf. 95; *Dodge* v. *Gallatin*, 130 N. Y. 132; *Jackson* v.
*Schoonmaker*, 4 Johns. 390; *Constantine* v. *Van Winkle*, 6 Hill,
177; *Jackson* v. *Johnson*, 5 Cow. 75; *Jackson* v. *Cairns*, 20
Johns. 301.) Olive Cooley Lobdell fully paid for the land
under an agreement that she should have a deed. The land
was staked off and set apart. She entered into possession and
put on improvements to the extent of $2,500. Among the
other improvements was a dwelling house for the occupation
of her husband and herself. This made her the real owner,
though the formal deed was not executed and delivered to
her. She still owned the land when she died. It passed to
her father as her only heir. (*Haughwout* v. *Murphy*, 22 N.
J. Eq. 546; *Roberts* v. *Ely*, 113 N. Y. 128; *McBurney* v.
*Wellman*, 42 Barb. 390; *Dodge* v. *Wellman*, 1 Abb. Ct.
App. Dec. 512; *Traphagen* v. *Traphagen*, 40 Barb. 537;
*Lowry* v. *Tew*, 3 Barb. Ch. 407; *Kelly* v. *Potter*, 16 N. Y.
Supp. 446.)

*David H. Carver* for respondent. The claimed contract
for the sale of the land was not in writing and was void by
the Statute of Frauds. (3 R. S. [7th ed.] 2326, 2327; *Whee-
ler* v. *Reynolds*, 66 N. Y. 236; *Wright* v. *Weeks*, 25 N. Y.
161; *Marie* v. *Garrison*, 13 Abb. [N. C.] 210; *Glass* v.
*Hulbert*, 102 Mass. 35; Story's Eq. Juris. § 759; Adams'
Eq. Juris. 210, 214; *Lobdell* v. *Lobdell*, 36 N. Y. 332;

*Thompson* v. *Simpson*, 128 N. Y. 270 ; *People ex rel.* v. *Trustees*, 21 Hun, 184 ; *Rhodes* v. *Rhodes*, 3 Sandf. Ch. 279 ; *Haight* v. *Child*, 34 Barb. 186 ; *Winchell* v. *Winchell*, 100 N. Y. 163 ; *Miller* v. *Ball*, 64 N. Y. 292.) The claimed cause of action is barred by the Statute of Limitations. (Code Civ. Pro. §§ 382, 388, 408 ; *Bruce* v. *Tillson*, 25 N. Y. 194 ; *McCotter* v. *Lawrence*, 4 Hun, 107 ; 1 Wood on Lim. [2d ed.] § 6 ; *DeGroff* v. *Terpenning*, 14 Hun, 307 ; *Winchell* v. *Winchell*, 100 N. Y. 164 ; *Peters* v. *Delaplaine*, 49 N. Y. 362.) Plaintiff, by his conduct, is estopped from prosecuting the claim sought to be established in this action. (*Thompson* v. *Simpson*, 128 N. Y. 271.) Plaintiff is not entitled to recover the claim made by him in this action until a court of equity has decreed a specific performance of the contract. Such decree cannot be obtained in an action at law. (*Matthews* v. *Matthews*, 133 N. Y. 679.)

Vann, J. In the fall of 1874 a verbal agreement was made between Gideon Lobdell and Olive, his wife, whereby she was to lend him enough money to build a house on a part of his farm, and in consideration thereof he was to convey to her sixty acres off the western end, including the land on which the house was to be erected. It was a part of the arrangement that he was to convey as soon as the house was completed, and that he was to work the farm and have the proceeds, but was to pay off a mortgage on the land. In 1875, under this arrangement, he received from her about $4,000, and in 1876 he erected the house as agreed at an expense of $2,600. In September of that year they moved into it, and at about that time stakes were set to mark the division line between the sixty acres and the rest of the farm. They occupied the house until April, 1880, when they moved away and she never returned to the house or farm. She died intestate in August, 1882, leaving the plaintiff, her father, as her sole heir at law, her only child by her said husband having died in 1878. The sixty acres were never conveyed to her, although she asked for a deed as early as February, 1877,

when Mr. Lobdell promised to give her one just as he had agreed to, and stated that he had been too busy to attend to it.   She made no improvements upon the property except to set out a little shrubbery and some flowers to ornament the yard and a few pie plant roots for domestic use.   He gave her no written promise other than to write her a letter, in August, 1880, when they were apparently living apart from each other, in which he said that if she would come back to him he would surely do as he had agreed, adding : " I will give you a deed of the sixty acres."   She returned to him the next day.   In 1879 he sold three acres of the land in question for $750, and his wife united in the deed.   He sold the rest in 1887 and 1888, and died intestate in January, 1892.   This action was commenced in November, 1893, against his personal representative by her sole heir at law to recover the sum of $4,500, which was the value of the house and the sixty acres, and interest from January 1, 1892, as " substituted damages" resulting from the failure of Mr. Lobdell to perform his oral contract to convey said premises.

The defendant, among other defenses, pleaded the Statute of Frauds and the Statute of Limitations, alleging in separate counts both six and ten years as the period of limitation.

The plaintiff can take nothing on account of the letter, because it fails to satisfy the statute by expressing the consideration, and is so indefinite in its description of the land that the intention of the parties cannot be gathered from it. The statute requires the contract or some note or memorandum thereof to be in writing, and a writing cannot be a memorandum of a contract unless it contains the substance of a complete agreement, so that the full intention of the parties can be ascertained from it alone without recourse to parol evidence.   (*Odell* v. *Montross*, 68 N. Y. 499, 506 ; *Wright* v. *Weeks*, 25 N. Y. 153, 161 ; 2 Kent's Com. [12th ed.] 511 ; Browne on Statute of Frauds [5th ed.], § 371.)

The plaintiff, however, claims that he is entitled to relief because equity will at all times lend its aid to defeat a fraud, notwithstanding the Statute of Frauds, and he insists that

Mrs. Lobdell did certain acts in part performance, or upon the faith of the oral agreement, with the knowledge and consent of her husband, so that repudiation by him or his representatives would be such a fraud upon her, or her successors, as within well-established rules to require the intervention of a court of equity to prevent it. The acts thus relied upon are payment of the consideration in full, possession of the premises and the making of improvements thereon.

The payment of the consideration alone is not enough, although learned judges differ as to the reason for the rule. It is argued by some that as the statute makes payment of part of the purchase money sufficient to sustain a verbal contract to sell goods at the price of fifty dollars or more, and yet does not make payment of the purchase price wholly or in part sufficient in the case of a verbal contract to sell lands, the presumption is that the legislature intended that the latter case should not be exempt from the operation of the statute. The more generally accepted, and on the whole more satisfactory reason, however, is that as the purchase money can be recovered back in an action at law and the parties thus restored to their original position, the party paying is not injured, no fraud is perpetrated upon him by refusal to convey, and there is no occasion for a resort to equity. But, whatever may be the reason for the rule, as said by a recent author, "by an unbroken current of authorities, running through many years, it is settled too firmly for question that payment, even to the whole amount of the purchase money, is not to be deemed such part performance as to justify a court of equity in enforcing the contract." (Browne on Statute of Frauds [5th ed.], § 461. See, also, *Winchell* v. *Winchell*, 100 N. Y. 159, 163; *Miller* v. *Ball*, 64 N. Y. 292.)

Although Mrs. Lobdell resided on the premises, she was never in notorious or exclusive possession, delivered or assumed pursuant to the contract, for she simply lived there with her husband, who continued in possession the same after the parol contract was made as before. There was no delivery by him

or entry by her, and no new act or change of position by either. She was never open to an action of trespass. His original possession continued until after she left the place, and he sold it in part with her consent. Indeed, the contract itself provided that he was to remain in possession until the mortgage was paid, and this carried it beyond the period of her residence upon the farm.

While the making of improvements is not a partial performance of the contract, for convenience it is usually classified as such, and when they are made in reliance upon the oral agreement, with the acquiescence of the vendor, and are of a substantial nature, they are so connected with the subject-matter of the contract, and a refusal by him to perform is so unjust that the courts hold him estopped from setting up the statute. Like all acts of part performance, the improvements must be such as would not have been made except in reliance on the contract. They must be substantial and permanent in character and the loss thereof a sacrifice to the purchaser. It is obvious that the improvements in question, if they can properly be called such, do not come within the rule. They were of trifling value, and were such as all farmers' wives make upon their husbands' premises in order to gratify their taste or improve their table. There is nothing to warrant the belief that they would not have been made if there had been no contract, and, hence, evidence of fraud, which is the basis of equity interference, is wholly wanting. The case, therefore, stands simply upon payment of the consideration, which, as we have seen, is not enough without possession, permanent improvements, or evidence of further performance of some kind. (*Dunckel* v. *Dunckel*, 141 N. Y. 427, 435.)

From the fall of 1876, when the house was completed and the cause of action for specific performance accrued, until November, 1893, when this action was commenced, the period of twelve years had elapsed, or more than enough to bring the case within the limitation provided for actions in equity. The action for specific performance was, therefore, outlawed when this suit was begun, for a change in the ownership of a

cause of action does not arrest the running of the statute after it has once commenced (*Bucklin* v. *Bucklin*, 1 Abb. Ct. App. Dec. 242, 251); nor does a subsequent demand have that effect by creating a new cause of action, or otherwise. (*Bruce* v. *Tilson*, 25 N. Y. 194.) An action to recover damages in lieu of specific performance lies not at law but in equity, for the right to such damages depends upon the right to specific performance, and is not available until the latter is established. As was said in *Matthews* v. *Matthews* (133 N. Y. 679, 682), " Until the court first determined that the action was in equity, and second, that the plaintiff was entitled to a specific performance the substituted damages founded upon the value of the property could not be awarded."

It is, however, insisted that the cause of action here sued upon is for money had and received, and that it did not accrue until the property was sold. The sale of the property did not create a new cause of action, but simply changed the form of relief to which the purchaser might otherwise have been entitled. As specific performance was no longer possible after the vendor had put it out of his power to perform by conveying the property to a third person, the purchaser became entitled to the value of the property as substituted damages, provided she established the contract and her right to a conveyance. The fact that the vendor could not give a good title did not affect the cause of action, nor relieve the purchaser from the necessity of showing herself entitled to specific performance. Its only effect is to vary the decree by substituting compensation in lieu of specific performance, after that cause of action has been made out. As was said by Chief Judge Church in *Peters* v. *Deleplaine* (49 N. Y. 362, 369): " The law giving the purchaser an immediate action, it is no answer to the claim that the Statute of Limitations then commenced running, that the form of the relief which he could then have had was not precisely the same as that now attainable. The action, the cause of action, and the substance of the relief are in all respects the same, and the cause of action was as perfect, and the remedy, in substance, which could have been

had was as complete at the time of the refusal of the vendor to convey as it was * * * fourteen years thereafter."

We think, therefore, that the defense founded on the Statute of Limitations, as well as that based on the Statute of Frauds, was conclusively established, and that the complaint was properly dismissed.

The judgment should be affirmed, with costs.

All concur, except GRAY, J., absent, and MARTIN, J., not sitting.

Judgment affirmed. ────────────