## LUESSEN v. MORICH et al.

(Supreme Court, Appellate Division, Second Department. May 29, 1902.)

**1. TRUSTS—TITLE AS SECURITY—ORAL AGREEMENT—STATUTE OF FRAUDS—PERFORMANCE.**

In a suit against the executors of a decedent, plaintiff claimed to be the equitable owner of a hotel property, title to which stood in the name of decedent; alleging that the title was so held, under an oral contract, as security for advances to plaintiff. Defendants set up the statute of frauds, but it was shown that plaintiff had paid taxes and insurance and interest on the advances, and made improvements and repairs. *Held,* that the performance of the contract by plaintiff, together with the making of the improvements and repairs, took the case out of the statute.

**2. SAME—EVIDENCE.**

Defendants, to show the relation to be one of landlord and tenant, introduced a lease of the premises for a certain term; but it was not shown to have ever been renewed, though the premises were occupied for a longer time. *Held,* that the lease was not necessarily in conflict with plaintiff's claim, in view of the fact that the payments required by it were the same as those called for by the alleged oral agreement.

Appeal from special term, Nassau county.

Action by Mary A. Luessen against Frederick Morich and another as executors of the will of Paul Morich, deceased. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Maurice Rapp, for appellants.
Henry A. Monfort, for respondent.

WILLARD BARTLETT, J. The decree in this action adjudges the plaintiff to be the equitable owner of certain hotel premises at Westbury, L. I., standing in the name of her father, Paul Morich, deceased, whose executors and heirs are the defendants herein. By the judgment the executors are directed to convey the property to the plaintiff upon payment by her to them of the sum of $7,400, being the amount advanced to her by their testator to enable her to complete the purchase. The proof amply sustains the conclusion of the learned trial judge that the father at the time of his death held title to the premises as security for the repayment by the daughter of the sum remaining due to him for advances, under an oral agreement whereby he promised to furnish such money as she might require, in addition to such as she and her husband could supply from their own resources, for the purchase of a suitable piece of land, and the erection of the necessary buildings thereon, to be used in the business of carrying on a hotel. This agreement provided that the advances might be repaid in such installments and at such times as the plaintiff's means would permit. Meanwhile the plaintiff was to pay 5 per cent. interest, and

the title was to be taken, and pending repayment was to remain, in the name of the father. The agreement was carried out. The Westbury property was purchased,—title being taken in the name of Mr. Paul Morich,—a large hotel, barn, and other outbuildings were erected thereon, and the hotel business was established, as contemplated by the parties. The plaintiff acquired and retained exclusive possession of the premises, paid the taxes and insurance premiums, and expended for additional buildings and improvements out of her own pocket various sums of money, which the trial judge has found amounted to $900. A portion of the advances having been repaid, the accounts between the daughter and father were settled in November, 1895, when it was ascertained that the amount which she owed him was $7,400; and thereafter she paid him interest thereon regularly at the rate of 5 per cent. up to the time of his death. His executors refused to recognize her claim under the agreement, because it was not evidenced by any writing, and hence she was obliged to bring this suit, in which the answer was amended at the trial so as to set up the statute of frauds. To that plea the performance of the contract by the plaintiff, including her expenditures for improvements and repairs, seems to be a sufficient reply. Canda v. Totten, 157 N. Y. 281, 288, 51 N. E. 989, and cases there cited. The improvements established by the proof and found by the court are so substantial and permanent in character as to indicate that they would not have been made, except in reliance upon the contract. Cooley v. Lobdell, 153 N. Y. 596, 47 N. E. 783.

To show that the true relation between Mr. Paul Morich and Mrs. Luessen was that of landlord and tenant, and not that of trustee and cestui que trust, the defendants put in evidence a lease of the premises by the father to the daughter for three years from July 1, 1891, under which the lessee undertook to pay $300 a year rent, as well as the taxes and assessments, and the interest on a mortgage upon the property, as it fell due. This lease does not appear to have been renewed, although the plaintiff never ceased to occupy the premises during her father's lifetime. It is not necessarily in conflict with her present claim, especially in view of the fact that the payments which it requires are the same as those called for by the oral contract with her father, as testified to by her husband.

No error was committed in the rulings upon evidence. I think the result reached by Mr. Justice GAYNOR was right, and that the judgment should be affirmed.

Judgment affirmed, with costs. All concur.