MARY A. LUESSEN, Respondent, *v.* FREDERICK MORICH and PAUL MORICH, Individually and as Executors, etc., of PAUL MORICH, Deceased, and Others, Appellants, Impleaded with Others.

*Statute of Frauds — oral agreement to hold the title to land for another and convey it on being repaid advances, when enforced — the taking of a lease does not defeat a claim for performance.*

Where a father and daughter made an oral agreement by which the father agreed to advance to the daughter the necessary moneys to enable her to purchase a piece of land and erect a hotel thereon, the daughter to pay five per cent interest upon the advances and the title to be taken and remain in the father's name pending repayment of the advances, evidence that land was purchased in the father's name and a hotel erected thereon and that the daughter acquired and retained exclusive possession of the premises, paid the taxes and insurance premiums and expended in making improvements of a substantial and permanent character moneys amounting to $900, is sufficient to take the contract out of the Statute of Frauds.

A lease of the hotel property, executed by the father to the daughter, does not necessarily conflict with the claim that the father held title to the premises

simply as security for his advances, especially where it appears that the payments required by the lease were the same as those required by the oral agreement and that the lease was never renewed, although the daughter continued to occupy the premises after the expiration thereof.

APPEAL by the defendants, Frederick Morich and Paul Morich, individually and as executors, etc., of Paul Morich, deceased, and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Nassau on the 18th day of April, 1901, upon the decision of the court rendered after a trial at the Nassau Special Term.

*Maurice Rapp,* for the appellants.

*Henry A. Monfort,* for the respondent.

WILLARD BARTLETT, J. :

The decree in this action adjudges the plaintiff to be the equitable owner of certain hotel premises at Westbury, L. I., standing in the name of her father, Paul Morich, deceased, whose executors and heirs are the defendants herein. By the judgment the executors are directed to convey the property to the plaintiff upon payment by her to them of the sum of $7,400, being the amount advanced to her by their testator to enable her to complete the purchase.

The proof amply sustains the conclusion of the learned trial judge that the father at the time of his death held title to the premises as security for the repayment by the daughter of the sum remaining due to him for advances under an oral agreement whereby he promised to furnish such money as she might require, in addition to such as she and her husband could supply from their own resources, for the purchase of a suitable piece of land and the erection of the necessary buildings thereon, to be used in the business of carrying on a hotel. This agreement provided that the advances might be repaid in such installments and at such times as the plaintiff's means would permit. Meanwhile the plaintiff was to pay five per cent interest and the title was to be taken and, pending repayment, was to remain in the name of the father.

The agreement was carried out. The Westbury property was purchased, title being taken in the name of Mr. Paul Morich, a large hotel, barn and other outbuildings were erected thereon, and the hotel business was established, as contemplated by the parties.

The plaintiff acquired and retained exclusive possession of the premises, paid the taxes and insurance premiums, and expended for additional buildings and improvements out of her own pocket various sums of money which the trial judge has found amounted to $900. A portion of the advances having been repaid, the accounts between the daughter and father were settled in November, 1895, when it was ascertained that the amount which she owed him was $7,400, and thereafter she paid him interest thereon regularly at the rate of five per cent up to the time of his death. His executors refused to recognize her claim under the agreement, because it was not evidenced by any writing, and, hence, she was obliged to bring this suit in which the answer was amended at the trial so as to set up the Statute of Frauds.

To that plea the performance of the contract by the plaintiff, including her expenditures for improvements and repairs, seems to be a sufficient reply. (*Canda* v. *Totten*, 157 N. Y. 281, 288, and cases there cited.) The improvements established by the proof and found by the court are so substantial and permanent in character as to indicate that they would not have been made except in reliance upon the contract. (*Cooley* v. *Lobdell*, 153 N. Y. 596.)

To show that the true relation between Mr. Paul Morich and Mrs. Luessen was that of landlord and tenant and not that of trustee and *cestui que trust*, the defendants put in evidence a lease of the premises by the father to the daughter for three years from July 1, 1891, under which the lessee undertook to pay $300 a year rent as well as the taxes and assessments and the interest on a mortgage upon the property as it fell due. This lease does not appear to have been renewed, although the plaintiff never ceased to occupy the premises during her father's lifetime. It is not necessarily in conflict with her present claim, especially in view of the fact that the payments which it requires are the same as those called for by the oral contract with her father as testified to by her husband.

No error was committed in the rulings upon evidence. I think the result reached by Mr. Justice GAYNOR was right and that the judgment should be affirmed.

All concurred.

Judgment affirmed, with costs.