CONRAD JOHNSON, Respondent, v. CLARENCE EDMUNDS, as Executor of JOHN D. WINDSOR, Deceased, Appellant.

Fourth Department, July 12, 1951.

*Walter L. Miller* and *C. Rex Crosby* for appellant.

*Rollin A. Fancher* for respondent.

WHEELER, J. The personal representative of the original defendant vendor appeals from a judgment granting specific performance of a contract for the sale of realty allegedly made between the plaintiff-respondent and the defendant's testator. The defendant interposed the Statute of Frauds.

The sole admissible evidence of the purported contract is a receipt, signed by the vendor:

> " No.— Sept. 3, 1943
> RECEIVED OF Conrad Johnson $10.00
> as binding payment on property Dollars
>
> 100
>
> on Lakewood Rd — as agreed on
> Price to be $300.00 otherwise *Void*
> $————— JOHN D. WINDSOR "

Plaintiff sought to flesh out this skeleton by offering in evidence an unsigned and undated instrument containing a description of lands immediately adjacent to him and owned at one time by the vendor. This instrument was entitled: *" Descriptional Part of Deed for Proposed conveyance of lands by John Winsor "*, and was apparently delivered to the plaintiff or his attorney a few days after the receipt was signed.

The memorandum itself must be complete and the subject matter sufficiently expressed therein to obviate the necessity of proof as to what the parties intended. The intention of the parties must be manifested in the memorandum by a description which is in itself definite and certain or provides the means or key by which the description may be identified with its

location on the ground. (*Cooley* v. *Lobdell,* 153 N. Y. 596; *Odell* v. *Montross,* 68 N. Y. 499; *Wright* v. *Weeks,* 25 N. Y. 153.)

In *Waring* v. *Ayres* (40 N. Y. 357), *Miller* v. *Tuck* (95 App. Div. 134), *Tobias* v. *Lynch* (192 App. Div. 54), and *Murphy* v. *Mahoney* (187 Misc. 316, affd. 271 App. Div. 859), the premises described in the memorandum or receipt could be identified by extrinsic circumstances to demonstrate definitely and unequivocally what the parties intended by the words used. This is, as we understand it, the sole purpose for which parol evidence may be adduced to supplement an otherwise ambiguous memorandum of sale. The written " description " in this case must, of necessity, be explained by oral testimony, and tied to the memorandum in the same manner. It is, therefore, inadmissible.

There is nothing in the record which indicates that the vendor owned no other real property on " Lakewood Road." The memorandum is, thus, insufficient in itself and cannot be completed by the admission of parol evidence. Nor can it be aided by the unsigned " description " subsequently delivered to the purchaser, since the contract must be valid at the time of its execution. (*Coe* v. *Tough,* 116 N. Y. 273.) This is exactly the situation in which the Statute of Frauds was intended to apply.

The judgment should be reversed on the law and facts, with costs, and the complaint should be dismissed, with costs.

All concur. Present — TAYLOR, P. J., McCURN, KIMBALL, PIPER and WHEELER, JJ.

Judgment reversed on the law and facts, with costs, and complaint dismissed, with costs. Certain findings of fact and conclusions of law disapproved and reversed and new conclusion made.