228 F.2d 563
 Norvin RIESER, Milton S. Koblitz, George S. Champlin, E. M.
Dart Mfg. Co., Lillian Boehm, Bernard Fein, Kathryn P.
Braithwaite and Edward F. Quirke, and Emanuel Josephson,
Rubin Slavsky, Raymond Wiley and William W. Lange
v.
The BALTIMORE and OHIO RAILROAD COMPANY.
 No. 13, Docket 23560.
 United States Court of Appeals Second Circuit.
 Argued Oct. 11, 12, 1955.
Decided Dec. 2, 1955.
 
 Louis Boehm and Nathan B. Kogan, New York City (Victor House, Abraham K. Weber and Spencer Pinkham, New York City, of counsel), for appellants.
 Abraham K. Weber, New York City, for Kathryn P. Braithwaite and Edward F. Quirke.
 Louis H. O. Fischman, New York City, for intervening appellants.
 Cravath, Swaine & Moore, New York City (Ralph L. McAfee, Gorge M. Billings and Edward C. Perkins, New York City, of counsel), for appellee.
 Before FRANK, HINCKS and WATERMAN, Circuit Judges.
 FRANK, Circuit Judge.
 
 
 1
 The facts are fully stated in Judge Murphy's opinion, D.C., 123 F.Supp. 44.
 
 
 2
 1. In their brief filed in this court, plaintiffs say that their suit is but 'an old-fashioned creditors' bill' by 'creditors of a corporate principal debtor against its sole stockholder for violation of its fiduciary duties as such stockholder,' and that this suit, substantively, rests on no New York statute. Since, then, the basis of the plaintiffs' suit is non-statutory, we need not consider two cases, much discussed by the parties, Buttles v. Smith, 281 N.Y. 226, 22 N.E.2d 350, and Hastings v. H. M. Byllesby & Co., 293 N.Y. 404, 57 N.E.2d 733, as both those cases involved the application of the New York statute of limitations to claims based, substantively, on one or more New York statutes.[1]
 
 
 3
 2. A judgment-creditor, with execution returned unsatisfied, may, without relying on a statute, by an 'old-fashioned' creditors' bill, have an equitable levy on an available asset of his debtor. The asset may consist of a claim against a third person for a wrong that person did to the debtor. If that wrong be regarded as also done to the creditor, it is only an indirect wrong, and the creditor's suit is derivative, in effect.
 
 
 4
 However, plaintiff contend that they suffered a direct and independent injury, apart from that done to Alton, and that a cause of action based on such injury accrued only after they had obtained a judgment with execution thereon returned unsatisfied.[2] The crucial question here is whether the alleged acts of B & O (a) constitute harms to Alton, and but indirectly to plaintiffs, Alton's bondholders, and/or (b) constitute harms done directly to those bondholders. Absent a statute, we think they clearly came within the first category.
 
 
 5
 Alton, for these harms, could have held B &O liable; and so could Alton's bankruptcy trustee, as Alton's successor.[3] Like the trustee, the plaintiffs stand in Alton's shoes; they have no shoes of their own. Significantly, plaintiffs cite no case holding otherwise, absent a statute.
 
 
 6
 True, while it remained under the domination of B & O, its sole stockholder, Alton, in practical terms, as virtually B & O's slave, could not have brought suit against B & O. But, under the New York statute of limitations as construed by the New York courts, the period of that domination did not suspend the running of the statute. See Austrian v. Williams, 2 Cir., 198 F.2d 697; Laird v. United Shipyards, 2 Cir., 163 F.2d 12.[4]
 
 
 7
 3. Since plaintiffs do not allege any fraudulent conveyance, the New York Debtor and Creditor Law-- which dispenses with a judgment in such circumstances-- does not apply. Therefore a suit of this kind, an old-fashioned creditor's suit, could not be maintained until plaintiffs had the equivalent of a judgment against Alton and an unsatisfied execution. Plaintiffs maintain, and we shall assume, that they first occupied that position on May 31, 1947, when the Alton bankruptcy proceedings terminated.[5] The statute of limitations, Section 53 of the New York Civil Practice Act, applicable to such an equitable action, fixes a ten-year period within which suit must be brought; and this suit began on May 7, 1952, within that ten-year period.
 
 
 8
 These facts, however, do not help plaintiffs. We shall assume that, within the ten years ending May 31, 1957, plaintiffs, by their suit, could levy an equitable execution on any of Alton's available assets, which the final decree in the Alton bankruptcy proceedings permitted plaintiffs to pursue. But, to succeed, plaintiffs must show that those assets on which they seek thus to levy-- i.e., Alton's claims against B & O-- were available when the suit began in 1952. They were not then available, because, before 1952, the statute of limitations had run with respect to those claims.[6] For the pertinent period of limitations is either (a) three years, under the New York Civil Practice Act, Section 49, subdivision 7,[7] or (b) six years, under Section 48, subdivisions 1 or 8.[8]
 
 
 9
 In short, making assumptions most generous to plaintiffs, suit on the claims against B & O were barred on November 25, 1948, i.e., six years from the appointment of Alton's bankruptcy trustee on November 25, 1942.
 
 
 10
 4. To be sure, the trustee was discharged on May 31, 1947. We shall assume that-- thanks to the provision of the final decree in the Alton bankruptcy proceedings which gave the bondholders the right to pursue the claims, if any, against B & O-- plaintiffs succeeded to Alton's right to sue B & O which had never been availed of by Alton's trustee. If so, on the most generous assumptions, plaintiffs' suit would not have been barred until November 25, 1948. But plaintiffs did not start suit until 1952.
 
 
 11
 We cannot accept plaintiffs' contention that the statute commences to run anew when a claim passes to an assignee of, or a successor to, one who could have sued thereon. An assignment, whether or not by 'operation of law,' has no such resurrective or phoenix-like potency.[9] Nor, since Alton's trustee in bankruptcy could have asserted these claims, did the pendency of the bankruptcy proceedings toll the statute, since 11 U.S.C.A. § 205, sub. b-- which provides that 'the running of all statutes of limitations shall be suspended'-- has no application to a suit by a bankruptcy trustee. We think 11 U.S.C.A. § 29, sub. e, is applicable to railroad reorganization proceedings and carries the only suspension of statutes of limitation running against claims belonging to the debtor's estate.
 
 
 12
 5. The New York Civil Practice Act, § 48, subd. 5, provides a six-year period of limitations as to actions for fraud, a period which begins to run only from the discovery of the fraud. Plaintiffs, however, do not allege Alton was a victim of the kind of fraud covered by that section as construed in the New York decisions. See Austrian v. Williams, supra; Laird v. United Shipyards, supra, and New York decisions there cited.[10]
 
 
 13
 Affirmed.
 
 
 
 [1]
 Assuming, arguendo, that the Byllesby and Buttles cases were applicable, we think that the instant case is analogous to Byllesby rather than Buttles, and that the plaintiffs would therefore be barred under the rationale of the Byllesby case
 
 
 [2]
 We assume, arguendo, that conceivably there might be facts (other than those here) giving rise to such an independent cause of action, even in the absence of a statute, which the creditors could not pursue until they obtained a judgment and execution thereon was returned unsatisfied
 
 
 [3]
 Cf. Henderson v. Binkley Coal Co., 2 Cir., 74 F.2d 567; Austrian v. Williams, 2 Cir., 198 F.2d 697
 
 
 [4]
 This interpretation, out of line with the interpretation of similar statutes in many other jurisdictions, seems harsh and inequitable. But, of course, we must abide by what the New York courts say its statutes mean
 
 
 [5]
 That is, they obtained the equivalent of a judgment on the allowance of their bondholder claims in the Alton bankruptcy proceedings; and the termination of those proceedings on May 31, 1947, with part of the amounts due thereon unpaid, was the equivalent of a return of execution unsatisfied
 
 
 [6]
 Our reasoning here differs from that of the district judge. But, in affirming a judgment, of course we may do so for reasons other than those of the court below
 
 
 [7]
 Section 49, subdivision 7 includes 'an action to recover damages for an injury to property * * *.'
 
 
 [8]
 Section 48, subdivision 1 includes an action upon a contract, express or implied, except a judgment and other exceptions not here relevant
 Section 48, subdivision 8 includes derivative actions against present and former directors, officers and stockholders for an accounting, for fraud, or to recover penalties or forfeitures imposed by statute or common law, but specifically excludes actions for waste or injury to property or for an accounting in connection therewith. For these latter actions, reference is made to Section 49, subdivision 7.
 
 
 [9]
 Bucklin v. Bucklin, 40 N.Y. 141, 1 Abb.Ct.App.Dec. 242, 251; Cooley v. Lobdell, 153 N.Y. 596, 602-603, 47 N.E. 783
 Section 14 of the New York Civil Practice Act makes a specific exception of an action by a principal against his agent, an exception not relevant here.
 
 
 [10]
 Even if that statute applied to the fraud here alleged, nevertheless the action would fail. For the discovery-- of whatever fraud had been practiced by B & O-- occurred on November 25, 1942, the date of the appointment of Alton's bankrupty trustee