### KINAS, S. A. v. JOYCIA APARTMENTS, Inc., et al.
No. 61-C-1006.

Circuit Court, Dade County.
September 14, 1962.

Sibley, Grusmark, Barkdull & King, Miami Beach, for plaintiff.

Theodore J. Sakowitz, Miami, for defendant Joycia Apartments, Inc.

Frank E. Freeman, Miami, for defendant Albert Silverman.

Seymour Kaplan, Miami, for defendant Harry Tomback.

PHILLIP GOLDMAN, Circuit Judge.

Plaintiff, a Panamanian corporation, obtained a deficiency money decree against defendant Silverman in the amount of $118,545.68. Thereafter plaintiff brought this creditor's bill to reach certain shares of stock in Joycia Apartments, Inc. (hereinafter referred to as "Joycia"), a Florida corporation. Plaintiff upon filing the suit secured a temporary injunction prohibiting Joycia from disposing of its assets; all of which are located in Florida. After the suit had been pending for some time, plaintiff joined as a party defendant Harry Tomback, an attorney who resides in New York City.

At the outset Tomback (who was served by publication) challenges the jurisdiction of this court over his person. His challenge is premised upon the contention that the court had not seized a *res* prior to constructive service on him, as required by Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565, and related cases. The contention lacks merit. Plaintiff secured an injunction against any transfer on the books of Joycia of the stock in question *prior* to serving Tomback by publication. This constituted a seizure sufficient to satisfy the Pennoyer requirements. 72 C.J.S., Process, §57 et seq. 1075, 1077, 1078.

Turning now to the merits, the case, within the framework of a creditor's bill, boils down to a contest between plaintiff and Tomback with respect to two transactions involving 80.96 of the 100 valid and outstanding shares of Joycia. The first transaction took place on September 14, 1955, several years before the plaintiff ever advanced any money to the defendant Silverman. Joycia on that date sold one-half its assets to a syndicate represented

by Tomback for $105,000. Tomback leased back to Joycia this one-half of Joycia's assets for a period of fifteen years. Silverman and the other share holders in Joycia then pledged to Tomback their shares in Joycia to secure performance of the lease. It is important to note that Tomback never paid $10,000 of the agreed purchase price.

Plaintiff attacks this transaction on the ground that the written agreement setting up the terms of the pledge provides a shorter period of notice in the event of forced sale than is required by §685.02, Florida Statutes, and that this difference in notice requirements invalidates and voids the pledge agreement. The court does not agree.

In the first place, Florida law probably does not govern the validity of the pledge contract: the contract of pledge was made in New York to be performed in New York; and the law of the place of making and performance governs the *validity* of a contract. 6 Fla.Jur., Conflict of Laws, §10. Assuming however that Florida law does apply, the invalidity of a provision of the pledge contract regarding forced sales would not infect the entire contract and render the whole thing invalid and void. See generally 25 Fla.Jur., Pledge and Collateral Security, §12 et seq.

This leads us to the second transaction which concerns a purported forced sale of the pledged stock by Tomback in New York City on December 15, 1959; a couple of days before plaintiff obtained its deficiency decree. Tomback on that date, without adequate notice to the defendant Silverman, sold to himself at forced sale through an auctioneer the shares of Joycia stock which he held as pledgee. Tomback paid only $500 for the stock. He had given $105,000 in September of 1955 for assets exactly equal in quantity and quality to the assets represented by the stock for which he gave only $500 in December of 1959. The assets remained roughly similar in value on December 15, 1959, to the value they had on September 15, 1955. Tomback went through the motions of this sale on the pretext that Joycia was in default on the lease. On December 15, 1959, however, Joycia had not defaulted on the lease at all. Although Joycia had not *forwarded* rental to Tomback for several months prior to December 15, 1959, Joycia remained ahead on its rent. In fact, Tomback had never paid $10,000 of the purchase price, and this amount far exceeded the rent which Joycia had failed to forward. The evidence clearly and convincingly demonstrates that the purported sale of December 15, 1959, was illegal and void and that Tomback held Silverman's pledgor interest in the 80.96 shares of stock as constructive trustee for Silverman after the sale of December 15, 1959.

But even so, says Tomback, a creditor may not reach and set aside a conveyance just because it is fraudulent as against the debtor. It may well be that the plaintiff cannot maintain an action under section 725.01, Florida Statutes, which prevents conveyances in fraud of creditors. Bay View Estates, Inc. v. Southerland, 114 Fla. 635, 154 So. 894; Nelson v. Cravero Constructors, Inc., Fla.App., 117 So.2d 764. This, however, does not mean that the plaintiff cannot reach the conveyance by an old-fashioned creditor's bill such as plaintiff has brought here. "The main purpose of a creditor's bill being in aid of creditors who have exhausted their legal remedies, a judgment creditor who had done this may pursue in a court of equity any equitable interest, trust, or demand of his debtor, in whosesoever [sic] hands it may be found . . . A like rule applies to a resulting or a constructive trust . . . " Hillsborough County v. Dickenson, 125 Fla. 181, 169 So. 734, 737. "A judgment-creditor, with execution returned unsatisfied, may, without relying on a statute, by an 'old-fashioned' creditor's bill, have an equitable levy on any available asset of his debtor. The asset may consist of a claim against a third person for a wrong that person did to the debtor . . . " Rieser, et al v. B & O Railroad Co., 228 F.2d 563, 564. Plaintiff therefore may reach the sale even though the wrong done was against Silverman. But plaintiff's claim is derivative, Rieser, et al v. B & O Railroad, supra; no independent injury to the plaintiff having occurred as a result of the purported sale to Tomback on December 15, 1959. Tomback, on the other hand, contends that Silverman consented to the sale in a document which Tomback got Silverman to sign some time *after* the sale; and that plaintiff is bound by this consent. Suffice it to say in regard to this document that it constitutes no consent because it was given *after* the events occurred; and it is not effective as a release because no consideration was given for it. The court finds it unworthy of credence.

In fine, Tomback holds Silverman's pledgor interest as constructive trustee for Silverman, and plaintiff may reach this interest of Silverman's by a creditor's bill.

It is accordingly ordered and decreed as follows —

(1)  The purported auction sale of 80.96 shares of Joycia stock to Tomback is hereby set aside.

(2)  Kinas, S. A. succeeds to the pledgor interest that defendant Silverman owned in the 80.96 shares of stock on December 14, 1959.

(3)  The injunction heretofore issued on June 1, 1961, is hereby dissolved.

(4)   Joycia is permanently enjoined from transferring on its books the interest of Harry Tomback purportedly acquired in the 80.96 shares of stock in the spurious sale of December 15, 1959.

(5)   The costs of this action shall be taxed against Tomback.