■ SEYMOUR SCHUMAN, Appellant, v PETER STRAUSS, Re-

spondent.—In an action, *inter alia,* to compel the specific performance of an alleged contract for the sale of real property, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Durante, J.), entered March 5, 1987, as granted the defendant's motion for summary judgment, dismissed the complaint and canceled the notice of pendency.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff seeks specific performance of a purported contract for the sale of a building owned by the defendant based on the following notes on a restaurant business card:

"36-01                                   May 12, 1986
"43 Ave. LIC NYC

                                600,000
                                Sale price
                                tenant upstairs
                                3 years to go: 1.50
                                               sq. ft.
"SS                             2 years 4.50 per sq. ft.          PS."

The defendant moved for summary judgment dismissing the complaint on the ground that the writing failed to satisfy the Statute of Frauds.

We find that the writing does not satisfy the requirements of the Statute of Frauds (General Obligations Law § 5-703 [2]) and the complaint was properly dismissed. A memorandum which is purportedly evidence of a contract for the sale of real property "must state the entire agreement with such certainty that the substance thereof will appear from the writing alone. It must designate the parties, identify and describe the subject matter, and state all of the essential terms of a complete agreement" *(Tamir v Greenberg,* 119 AD2d 665, 666, *lv denied* 68 NY2d 607, citing *Aceste v Wiebusch,* 74 AD2d 810). Even if we were to accept the plaintiff's argument that the parties and property were sufficiently identified, the fatal flaw in the writing is that there is no evidence on its face that the parties actually reached an agreement. Bracken, J. P., Lawrence, Rubin and Kooper, JJ., concur.