■ JOSEPH COHEN, Appellant, v CARL SWENSON, Respondent.

The parties entered into an agreement dated December 24, 1984, whereby the plaintiff agreed to purchase a portion of the defendant's land and a building thereon, described as "certain land and building located on the north side of New Hackensack Road in the town of Wappingers, New York as adjacent to building known as Dance Studio. Such land to be 4 acres in size and to be at least 400 feet of frontage to New Hackensack Road". The purchase price was set forth as $145,000, with a down payment of $2,900 upon the signing of the agreement and $27,100 on closing. The balance of $115,000 was to be paid in 120 equal monthly installments which were to include a 10% simple annual interest rate.

In order to satisfy the Statute of Frauds (General Obligations Law § 5-703 [2]), a memorandum, subscribed by the party to be charged, must designate the parties, identify and describe the subject matter and state all of the essential terms of a complete agreement (see, Schuman v Strauss, 139 AD2d 502; Sheehan v Culotta, 99 AD2d 544).

We find that the agreement was sufficiently detailed to identify the amount of the purchase price and when and in what manner the purchase price was to be paid. Thus, the purchase price was not indefinite or vague (see, Birnhak v Vaccaro, 47 AD2d 915).

However, on the face of the agreement, it is impossible to identify the subject property with the degree of certainty necessary to satisfy the Statute of Frauds (see, Cooley v Lobdell, 153 NY 596; Israelson v Bradley, 139 NYS2d 107, affd 285 App Div 971). Although, in some instances, extrinsic evidence may be admitted to enable a court to definitively ascertain the property to which the contract referred (see, Miller v Tuck, 95 App Div 134), here the plaintiff has failed to provide such evidence. Bracken, J. P., Lawrence, Kunzeman and Harwood, JJ., concur.