■ Jean Conway, Appellant, v Lawrence J. Maher, as the Executor of the Estate of Clara L. Maher, Deceased, Respondent, et al., Defendant.—Crew III, J. Appeal from that part of an order of the Supreme Court (Hughes, J.), entered October 31, 1991 in Albany County, which granted a cross motion by defendant as executor of the estate of Clara L. Maher for summary judgment dismissing the complaint against him in that capacity.

Defendant Clara L. Maher (hereinafter Clara) and defendant Mary Ruth Maher (hereinafter Mary Ruth) were the owners as tenants in common of 44 acres of undeveloped real property located on Maher Road in the Town of Bethlehem, Albany County. Sometime in late 1985, plaintiff, a licensed real estate salesperson, discussed the sale of the property with Clara. Apparently, plaintiff gave Clara a check for the sum of $500 dated December 12, 1985. The "memo" portion of the

---

check, in the lower left hand corner, contains the following handwritten words: "full warranty deed/44 acres, Maher Rd., Delmar N.Y. (surveyed maps), deposit pd.—bal 13,500". Clara accepted the check, signed it and cashed it on December 17, 1985. Subsequently, Clara attempted to refund the $500 to plaintiff.

On June 5, 1987, plaintiff commenced this action against Clara and Mary Ruth seeking either specific performance or damages for the breach of the parties' alleged agreement. In her complaint, plaintiff alleged that the check "embodied a written memorandum of the terms" of the agreement and that Clara, who signed the check, was a "duly authorized agent of her sister-in-law * * * Mary Ruth", who did not sign the check. Clara and Mary Ruth individually answered the complaint with general denials and asserted defenses based on the Statute of Frauds (General Obligations Law § 5-703 [2]). Subsequent to their answers both Clara and Mary Ruth died. Lawrence J. Maher (hereinafter defendant), as executor of the estate of both Clara and Mary Ruth, was substituted as defendant.

After some discovery, defendant moved separately on behalf of each estate for summary judgment based on the Statute of Frauds defense. Supreme Court granted both motions and dismissed the complaint on the ground that the check was not a sufficient writing inasmuch as it made no mention of nor was it signed by Mary Ruth, a 50% owner of the property at issue and a purported party to the agreement. This appeal by plaintiff from that part of the order dismissing the complaint against Clara's estate ensued.

Conceding that the Statute of Frauds is a complete bar to recovery against the estate of Mary Ruth, plaintiff now asserts that the only "party to be charged" is the estate of Clara and seeks specific performance with respect to Clara's 50% interest in the land, as well as damages based upon their alleged agreement.

The critical issue on this appeal is whether the check, which was signed by both plaintiff and Clara, is sufficient to satisfy General Obligations Law § 5-703 (2). The Statute of Frauds provides, in pertinent part, that a "contract for * * * the sale, of any real property, or an interest therein, is void unless the contract or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged" (General Obligations Law § 5-703 [2]). In order to

satisfy the Statute of Frauds, a memorandum, subscribed by the party to be charged, must designate all parties, identify and describe the subject matter and state all of the essential terms of a complete agreement *(see, Cohen v Swenson,* 140 AD2d 407; *Schuman v Strauss,* 139 AD2d 502, 503, *lv denied* 72 NY2d 804). A writing is not a sufficient memorandum unless the "full intention of the parties can be ascertained from it alone, without recourse to parol evidence" *(Cooley v Lobdell,* 153 NY 596, 600; *see, Johnson v Edmunds,* 278 App Div 470, 471). When the subject matter of an agreement is real property, the writing must "describe the property involved with such definiteness and exactness as will permit it to be identified with reasonable certainty" *(see, Barber v Stewart,* 275 App Div 429, 430).

Plaintiff contends that the check identified the property ("44 acres, Maher Rd., Delmar N.Y. [surveyed maps]"), stated the method of conveyance ("full warranty deed"), indicated the price ($500 as "deposit pd.—bal 13,500"), and identified the parties (plaintiff and Clara), and therefore contains all the essential elements for a sufficient writing under the Statute of Frauds. We disagree. The notations on the check, "44 acres, Maher Rd., Delmar N.Y. (surveyed maps)", standing alone, do not identify the subject property with the degree of certainty necessary to satisfy the Statute of Frauds *(see, Cohen v Swenson, supra; Johnson v Edmunds, supra; Barber v Stewart, supra).* Moreover, a review of the check fails to disclose the intent of the parties because it is silent as to the nature of the interest allegedly conveyed. We therefore agree with Supreme Court's conclusion that the check dated December 12, 1985 was insufficient to satisfy the Statute of Frauds.

Weiss, P. J., Mikoll, Yesawich Jr. and Mahoney, JJ., concur. Ordered that the order is affirmed, with costs.