■ TR-ONE, INC., Appellant, v LAZZ DEVELOPMENT CO., INC., et al., Respondents, et al., Defendant. [945 NYS2d 416]—

In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated April 4, 2011, which granted the motion of the defendants Lazz Development Co., Inc., and Louis Larizza for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

On May 20, 2004, the plaintiff and the defendant Lazz Development Co., Inc. (hereinafter Lazz), entered into an agreement giving Lazz the exclusive right and option to buy property described as "approximately 48 acres of vacant land located at 89 Mount Tom Road, Pawling, New York." The agreement explained that "[t]he exact size and location of the parcel subject to this option is located primarily in the Village of Pawling and is to be defined and determined by a Survey map to be obtained by Optionee [Lazz] at its expense and which description will be agreed upon by the parties and then added as an exhibit to the contract of sale." The purchase price was set forth as a minimum of $1,600,000 with the ultimate price dependent on the future development of the property.

In order to satisfy the statute of frauds (General Obligations Law § 5-703), a memorandum, subscribed by the party to be charged, must designate the parties, identify and describe the

subject matter, and state all of the essential terms of a complete agreement (*see Cohen v Swenson*, 140 AD2d 407 [1988]; *Schuman v Strauss*, 139 AD2d 502 [1988]; *Sheehan v Culotta*, 99 AD2d 544 [1984]).

The agreement was sufficiently detailed to identify the purchase price to be paid. Thus, the purchase price was not indefinite or vague (*see Cohen v Swenson*, 140 AD2d 407 [1988]; *Birnhak v Vaccaro*, 47 AD2d 915 [1975]). However, on the face of the agreement, it is impossible to identify the subject property with the degree of certainty necessary to satisfy the statute of frauds (*see Cooley v Lobdell*, 153 NY 596 [1897]; *Cohen v Swenson*, 140 AD2d 407 [1988]; *Israelson v Bradley*, 139 NYS2d 107 [1954], *affd* 285 App Div 971 [1955]).

By showing that the agreement was too vague to satisfy the statute of frauds, the defendants Lazz and Louis Larizza (hereinafter the respondents) made a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). In opposition, the plaintiff failed to raise a triable issue of fact.

The plaintiff's remaining contention is without merit.

Accordingly, the Supreme Court properly granted the respondents' motion for summary judgment dismissing the complaint insofar as asserted against them Dillon, J.P., Leventhal, Hall and Austin, JJ., concur.