Ahthohy M, Lxvoti, J.
Motion for summary judgment in an action for the recovery of a downpayment on a contract for the sale of real estate. There are two causes of action alleged in the complaint. Rescission of the contract is demanded on the ground of mistake in the description of the property in the first cause, and in the second cause a recovery of the $3,000 downpayment is sought on the ground that the plaintiffs were *955 unable to obtain a mortgage from the lending institution to which, at the request of the defendant, an application was made.
It is only necessary to consider the second cause. Admittedly the plaintiffs provided the information for a submission of their mortgage loan application to the Prudential Life Insurance Company. Admittedly the latter refused to issue a mortgage on or about October 23, 1959, The contract provides: “9. In the event of a rejection of Purchaser’s application for the aforesaid loan by the lending institution, * * # then the Seller agrees to return the sum paid * * * and upon such refund, this contract shall be a nullity * * * provided that Purchaser has fully cooperated with the lending institution ’ The defendant contends that plaintiffs failed to co-operate with the lending institution. But in support of that contention it offers no proof whatsoever. “Bald conclusory assertions, even if believable, are not enough ” (Kramer v. Harris, 9 A D 2d 282, 283). No affidavit or statement by the Prudential Insurance Company is submitted to contradict the plaintiffs’ averments that Prudential based its rejection on the insufficiency of the plaintiffs’ earnings to pay the mortgage payments, interest and taxes. Nor is any proof submitted that other lending institutions would extend a mortgage to the plaintiffs for $15,000 at 5%% for 25 years,
In addition to this lack of proof to sustain the defendant’s contention that there was a failure of co-operation with the lending institution, there is no refutation of the sworn statements made by the attorney for the plaintiffs that upon the rejection of the mortgage application he, the attorney, was advised by the defendant’s representative that the plaintiffs’ money would be refunded. Based upon that promise a contract to purchase another house was entered on or about November 9, 1959, It would be most inequitable to permit the defendant to thereafter (Nov, 25, 1959) insist upon compliance with the contract on the basis of a personal mortgage by the defendant. In fact, upon the bona fide rejection of the mortgage application by the lending institution selected by the defendant, the plaintiffs were entitled to the return of their money immediately, The contract did not require them to wait until July 7, I960 when the deed was to be delivered, nor did it require them to submit their application for a mortgage loan to any other institution or person before the downpayment was to be refunded.