■ RITA R. O'BRIEN, as General Guardian of Thomas C. Rose, Jr., and as Administratrix of the Estate of SUSAN C. ROSE, Deceased, Appellant, v. Estate of THOMAS C. ROSE, Respondent.— Order unanimously modified so as to deny summary judgment to defendant and dismissal of the complaint, and otherwise affirmed. Judgment unanimously reversed, with costs to plaintiff-appellant. Memorandum: We agree with defendant's argument at Special Term that the paragraph of the separation agreement upon which plaintiff relies is ambiguous and that evidence may be available to aid in its construction. Under such circumstances summary judgment should not be granted (*Aron* v. *Gillman,* 309 N. Y. 157, 163; *Piedmont Hotel Co.* v. *Nettleton Co.,* 263 N. Y. 25, 29; *Berg* v. *Auto Wheel Inds.,* 32 A D 2d 876; *Dowdle* v. *Richards,* 2 A D 2d 486, 489; *Utica Carting, Stor. & Contr. Co.* v. *World Fire & Mar. Ins. Co.,* 277 App. Div. 483, 488). Moreover, the entire agreement is not in evidence, and the court may not properly construe one paragraph thereof without reference to the entire instrument. Assuming that defendant is correct in her contention that the agreement was only designed to ensure payment of $2,500 to the two children at testator's death, the worth of the residue of the testator's estate (exclusive of the real estate in question), one half of which is left to the two children, is

within the exclusive knowledge of defendant, and defendant would not be entitled to dismissal of the complaint until payment of the $2,500 is assured from a source other than such real estate. It was, therefore, improper to grant summary judgment to defendant. (Appeal from judgment and order of Erie Special Term, in action to impress trust.) Present — Del Vecchio, J. P., Marsh, Witmer, Moule and Henry, JJ.