CARL JOHNSON et al., Respondents, v LILLIAN WERNER, Appellant.

First Department, July 18, 1978

APPEARANCES OF COUNSEL

*Michael M. Platzman* for appellant.

*Howard Maizes* for respondents.

**OPINION OF THE COURT**

SULLIVAN, J.

This is an appeal from the grant of summary judgment to the purchasers who sue to recover the deposit made on a contract for the purchase of realty. On the signing of the contract, the purchasers tendered a deposit of $3,700 against a purchase price of $37,000. The contract was made expressly subject to the following condition: "This contract is conditional upon the purchasers' ability to obtain a mortgage commitment from any lending institution in the amount of $29,600. for 25 years at prevailing interest rates. The purchasers agree to immediately apply for such mortgage commitment and execute and furnish all necessary documents and instruments that may be required to secure such mortgage commitment. In the event that same cannot be obtained within 35 days from the date hereof, then upon written notice to seller's attorney all monies paid hereunder shall be returned to purchasers and this contract deemed cancelled."

The purchasers applied to the Dime Savings Bank of New York for a Veterans' Administration (VA) guaranteed loan for the amount indicated in the contract and on the terms stated therein. A mortgage commitment for the requested amount ($29,600) was then issued, subject to the seller's execution of the following document: "The following clause must be made a part of the contract. It is expressly agreed that, notwithstanding any other provisions of this contract, the purchaser shall not incur any penalty by forfeiture of earnest money or otherwise or be obligated to complete the purchase of the property described herein, if the contract purchase price or cost exceeds the reasonable value of the property established by the Veterans Administration. The purchaser shall, however, have the privilege and option of proceeding with the consummation of this contract without regard to the amount of reasonable value established by the Veterans Administration."

The seller refused to execute this rider on the ground that it constituted a modification of the terms of the contract of sale. Invoking the contract condition because they were unable to obtain a mortgage commitment, the purchasers demanded in writing the return of the down payment. The seller refused to return the down payment, contending that the purchasers did

not take the necessary steps, as required, to obtain a mortgage. The seller suggested that the purchasers apply for a conventional mortgage, even offering to extend the time within which such mortgage commitment could be obtained. The purchasers refused, made no other application for a mortgage, and commenced this lawsuit.

Special Term held that the application for a VA mortgage constituted full compliance with the contract condition and that the purchasers were not obligated to make a second mortgage application after the seller's refusal to sign the VA rider. In so holding, the court relied upon *Cohen v Turnpike Dev. Corp.* (27 Misc 2d 1027). Special Term's reliance upon *Cohen* is misplaced. In that case the buyer was obligated to apply for a mortgage in the sum of $24,800, at a lending institution designated by the seller. The buyer made such an application but received a commitment in the amount of $23,000. Inasmuch as the contract called for application to a lending institution designated by the seller, the court held that the purchaser was not obligated to make a second application when the designated lending institution failed to grant the application in the amount applied for.

■ In the event of a default by the purchaser or a repudiation of the contract of purchase, upon which a down payment has been made, the law is clear that the purchaser may not recover his down payment. This is the rule even in instances where the premises are sold for a sum equal to or greater than the contract price. *(Silverstein v United Cerebral Palsy Assn. of Westchester,* 17 AD2d 160; *Lawrence v Miller,* 86 NY 131; *Keystone Hardware Corp. v Tague,* 246 NY 79, 83; *Amity Assoc. v Amity Farms Shopping Center,* 11 AD2d 811.)

In *Silverstein,* the court stated (p 164): "If there was a willful default in performance or repudiation on their part of a contract binding upon them, and such contract was not rescinded or abandoned, and if it be found that the sum paid was paid as part payment on the purchase price, then, under the law of this State, it is immaterial that the defendant may be inequitably enriched by a denial to plaintiffs of recovery back of their down payment."

The rule is equally well settled that a purchaser is entitled to a refund of his deposit where the contract of sale provided for the cancellation of the contract in the event the purchaser is unable to obtain a mortgage within a specified time. (See *Glassman v Gerstein,* 10 AD2d 875; *Zigman v McMackin,* 6

AD2d 907, rearg den 6 AD2d 1044; *Brown v Shorewood Homes, Inc.,* 27 Misc 2d 954.)

The seller contends that the clause in issue permitted application only for a conventional mortgage. The purchasers argue that the clause contains no such limitation. It appears that the purchasers' attorney, as an accomodation to the seller's attorney, who expressed unfamiliarity with some of the real estate contract forms then in vogue, mailed a proto-type of the clause to the seller's attorney. In blank spaces provided the purchasers' attorney had inserted the amount and the term of years for which the mortgage commitment was to be sought, as well as the time in which the purchasers were allowed to secure the commitment. When the seller's attorney received the form clause there was also a blank space immediately before the words "mortgage commitment" in the first sentence. An appropriate insertion in that space, e.g., conventional, could have restricted or specified the type of mortgage for which application might be made. The seller's attorney had his secretary type the clause in question into the contract of sale which he prepared. The clause was carried over into the contract without the blank space before the words "mortgage commitment" or any insertion in its place. It is, of course, axiomatic that if there is an ambiguity in the language of a contract, the ambiguity will be resolved against the author. *(Evelyn Bldg. Corp. v City of New York,* 257 NY 501; *Vandenburgh v Madarash,* 283 App Div 537.) Although the rule is that an agreement on a form supplied by one of the parties must be construed against such party where there is a question as to its interpretation or effect *(Corning v Lehigh Val. R. R. Co.,* 21 Misc 2d 706), the fact is that the seller's attorney never availed himself of the opportunity, by insertion of the word "conventional", to limit the type of mortgage application to which the contract would be made subject.

Clearly, the language in the clause does not, prima facie, limit the purchasers in their application for a mortgage to any particular type, be it conventional or otherwise. At issue, therefore, is whether in the absence of specificity, the parties intended that the purchasers apply for a conventional mort-gage only. Of interest in this connection is the fact that the application for the VA mortgage antedates the contract. It may well be too that the amount of financing sought—80% of the purchase price—had the effect, from a practical viewpoint, of limiting the market available to the purchasers in their

efforts to obtain a mortgage commitment, and that the seller fully understood this fact of life.

There is one other factual consideration worthy of comment. Implicit in all contracts is the element of good faith. *(Van Valkenburgh v Hayden Pub. Co.,* 30 NY2d 34, 45, cert den 409 US 875; *Grad v Roberts,* 14 NY2d 70, 75.)* This raises the question whether the purchasers satisfied the condition of the contract by making only one application. Of course, if a VA mortgage were the type contemplated by the parties, then further application would have been fruitless in light of the seller's attitude. Relevant too on this issue is the question whether the clause required the seller to sign the amendment proposed by the lending institution, an amendment which clearly would have altered the terms of the contract.

In all of the circumstances, summary judgment was inappropriate. Issues of fact exist requiring resolution at trial.

Finally, we note that this is an action between New York City residents over a contract made in New York City to recover $3,700. Ordinarily, such an action should be brought in the Civil Court. We can discern no apparent reason why the action was not commenced in that court. Unless either party can show why jurisdiction does not lie in the Civil Court, the trial court, upon submission of the matter, should, on its own motion, transfer the case to the Civil Court. *(Midtown Commercial Corp. v Kelner,* 29 AD2d 349, 351; *Trussell v Strongo,* 29 AD2d 851; NY Const, art VI, § 19, subd a.)

Accordingly, the order, Supreme Court, Bronx County (Cotton, J.), entered June 1, 1977, denying defendant's motion for summary judgment and granting plaintiff's cross motion for summary judgment, should be modified, on the law, without costs or disbursements, to the extent of denying the cross motion for summary judgment, vacating the judgment entered thereon on June 17, 1977, and, except as thus modified, affirmed.

Evans, J. P., Lynch and Sandler, JJ., concur; Markewich, J., concurs in the result.

Order, Supreme Court, Bronx County, entered on June 1, 1977, unanimously modified on the law, to the extent of denying the cross motion for summary judgment, the judgment of said court entered thereon on June 17, 1977, vacated,

and the order as so modified, affirmed, without costs and without disbursements.