■ CLAIR C. SMITH, Appellant, v MYRNA B. SLOCUM et al., Respondents. (Appeal No. 1.)—Order unanimously reversed, with costs, and motion denied. Memorandum: This appeal presents the question of whether a purported contract of sale of real property sufficiently described the premises to be conveyed so as to constitute a valid contract between the parties. The contract of purchase and sale between plaintiff buyer and defendant seller describes the property to be sold merely as property in the Town of Lima,

Livingston County "on the west side of Route 15A (Rochester Road) consisting of a one-story metal building which houses the Robert Slocum Snowmobile Enterprise." Special Term apparently concluded that the description in the contract was insufficient and dismissed the complaint and upon reargument reaffirmed that determination. It is plaintiff's claim that defendant represented to him that he owned and would sell sufficient land in the rear of the metal building so as to permit free ingress and egress to and from the loading dock to a public street. The deed tendered conveyed a plot, upon which the metal building stands, the loading dock of which is only 2.1 feet from the western lot line, which obviously precludes ingress and egress to the loading dock. The parol evidence rule does not bar the introduction of evidence the purpose of which is to explain an ambiguity (22 NY Jur, Evidence, § 615). In a case where the contract is existing and valid but incomplete, parol evidence is admissible to complete the writing provided that all the particulars, upon inspection, plainly are not present and the parol evidence sought to be introduced is not contradictory of the written agreement (Di Menna v Cooper & Evans Co., 220 NY 391, 397; Thomas v Scutt, 127 NY 133, 138; Richardson, Evidence [10th ed], § 614). Parol evidence is admissible to describe the particular premises intended by the parties to be conveyed (Malin v Ward, 21 AD2d 926, 927) and where it may be available to aid in construing the contract upon which plaintiff relies, summary judgment is not appropriate (see Leghorn v Ross, 42 NY2d 1043, 1044; Mallad Constr. Corp. v County Fed. Sav. & Loan Assn. 32 NY2d 285; O'Brien v Rose, 34 AD2d 724; Richardson, Evidence [10th ed], § 626). (Appeal from order of Monroe Supreme Court—summary judgment.) Present—Cardamone, J. P., Hancock, Jr., Schnepp, Callahan and Witmer, JJ.