■ JULIA WASKEWICH, Respondent, v JOAN REDDING, Appellant. — In an action to recover damages for breach of contract, defendant appeals from a judgment of the Supreme Court, Suffolk County (Tanenbaum, J.), entered July 29, 1982, in favor of plaintiff in the amount of $7,009. Judgment reversed, on the law, with costs, and complaint dismissed. Plaintiff and defendant executed a contract for the sale of plaintiff's residence on or about February 26, 1980 and defendant gave plaintiff a $1,000 deposit. Paragraph 5 of the "Rider" to the sales contract stated: "5. This contract is conditioned upon the Purchaser obtaining a (Conventional) mortgage or mortgage in the sum of $31,500.00 at the prevailing rate of interest for a minimum term of 25 years within 30 days

of the date hereof. If the Purchaser shall be unable, after using his best efforts, to obtain said commitment within said period, then either party, by written notice to the other, may cancel this contract unless the Seller shall elect to extend the Purchaser's time for obtaining such mortgage. Notice of Cancellation may be given after the expiration of such extended period, if said commitment shall not then been obtained. Upon cancellation, pursuant to the terms of this paragraph, the down payment shall be refunded to Purchaser". Defendant claims, and plaintiff does not dispute, that she visited at least three banks in a good faith effort to obtain a mortgage. Citibank (the only institution that accepted defendant's mortgage application), offered to give defendant a mortgage, but only in a lesser amount than that sought. By letter to defendant's counsel dated March 28, 1980, plaintiff's counsel reiterated his client's rejection of two oral counteroffers regarding financing which had been proposed by defendant's counsel. In this letter, plaintiff's counsel also stated that plaintiff considered the contract in full force and effect since no written notice of cancellation had been received from defendant. However, the letter also set forth a counteroffer by plaintiff to "take back a mortgage in accord with the terms of the contract and under the same terms and conditions as the bank that had issued your client a mortgage commitment for a lesser sum then [sic] she had applied for". By letter dated March 31, 1980, defendant's counsel notified plaintiff that the contract was being canceled. The letter cited paragraph 5 of the rider to the contract giving the purchaser the right to cancel, and demanded immediate repayment of the $1,000 deposit. In a summons and verified complaint dated April 9, 1980, defendant commenced an action against plaintiff's counsel in the Civil Court, Queens County, for return of the $1,000 deposit. The case was submitted to an arbitrator, who found that defendant had timely canceled the contract. Judgment against plaintiff's counsel for the $1,000 down payment was entered on July 8, 1981. In the interim, plaintiff commenced the instant action to recover damages for breach of contract. After a nonjury trial, the court held, *inter alia,* that, irrespective of the date when defendant actually notified plaintiff of her inability to obtain financing, plaintiff's counteroffer to take back a mortgage, rather than extending defendant's time to obtain a mortgage commitment, "resulted in the condition being satisfied and consequently the matter should have proceeded to a closing". The trial court granted judgment to the plaintiff in the amount of $5,800 (the difference between the contract price and the price at which plaintiff sold the house to another), plus interest and costs. The judgment should be reversed and the complaint dismissed. Paragraph 5 of the "Rider" to the sales contract gave defendant purchaser 30 days to obtain a "Conventional" mortgage commitment through her best efforts. In the event defendant failed to obtain such a commitment within that period of time, the contract specifically provided that "either party, by written notice", had the right thereafter to cancel the agreement provided that plaintiff did not exercise her option to extend the 30-day period. Defendant failed to obtain a mortgage commitment during the 30-day period despite her best efforts and plaintiff at no time exercised the option to extend the 30-day period. Accordingly, under the terms of the contract, defendant had the right to cancel the contract by written notice, and the March 31 letter from defendant's counsel to plaintiff canceling the contract, which came only three days after the 30-day period had expired, was a timely and valid cancellation of the contract. In view of our determination herein, we do not reach the merits of the argument raised in defendant's second and remaining point on appeal, i.e., that the $1,000 Civil Court judgment entered in favor of defendant and against plaintiff's attorney for the $1,000 deposit barred the instant action based on the doctrine of collateral estoppel. Mollen, P. J., Damiani, Mangano and Gulotta, JJ., concur.