(November 27, 1989)

■ STEPHEN A. BARON et al., Respondents, v P.R.V. MASONRY CORP. et al., Appellants.—In an action to recover a down payment made pursuant to a contract for the sale of certain real property, the defendants appeal from an order and judgment (one paper) of the Supreme Court, Rockland County (Kelly, J.), entered February 24, 1988, which grants the plaintiffs' motion for summary judgment and thereupon is in favor of the plaintiffs and against them in the principal sum of $110,000.

Ordered that the order and judgment is affirmed, with costs.

The plaintiff buyers and the corporate defendant seller entered into a contract for the sale of real property. A rider to the contract provided that: "Purchasers [sic] obligations in this contract are subject to the ability of Stephen Baron [one of the plaintiffs] * * * to obtain a conventional mortgage commitment from a Bank or other lending institution in the sum of $660,000.00 at a prevailing rate of interest for a period of not less than 20 years within 45 days of receipt of an executed contract from sellers. In the event a mortgage commitment as aforesaid cannot be obtained the purchasers shall give notice within 5 days that the mortgage commitment has not been obtained and purchasers shall either waive this provision or in the alternative cancel this contract and all moneys paid shall be refunded".

The plaintiffs applied to three separate lending institutions in a good-faith search for a mortgage. Only one institution approved a mortgage for the plaintiffs, and this was for a sum of $500,000 for 15 years. By letter dated May 15, 1987, the corporate defendant seller offered to provide the plaintiffs with a second mortgage. The plaintiffs returned that letter to the defendants with a completed tax questionnaire. Instead of accepting this offer, the plaintiffs opted to cancel the contract pursuant to the terms of the rider.

Under the terms of the contract, the plaintiffs were clearly justified in terminating the contract (see, Waskewich v Redding, 97 AD2d 758). The letter dated May 26, 1987, written by the plaintiffs' counsel, which informed the corporate defendant that the contract would be canceled if it did not extend the 45-day period during which the plaintiffs were to obtain

financing, fulfilled the requirement set forth in the rider that the plaintiffs inform the corporate defendant of the cancellation in writing.

The corporate defendant's offer to extend a second mortgage was not accepted by the plaintiffs. The mere fact that the plaintiffs returned the letter offering them a second mortgage with a completed tax questionnaire does not raise a question of fact as to whether the terms of that offer were accepted.

Finally, the plaintiffs did not act in bad faith by failing to provide the defendants with copies of the mortgage applications they requested. The only duty the plaintiffs had before closing was to search in good faith for a mortgage at the terms set forth in the rider (see, Ehrenworth v Stuhmer & Co., 229 NY 210). The plaintiffs frequently apprised the defendants as to the status of their applications and cannot be said to have concealed any information from them. Thompson, J. P., Bracken, Rubin and Spatt, JJ., concur.