■ Richard Boyd, Respondent, v Evgenia Haritidis, Appellant. [657 NYS2d 463] —Cardona, P. J. Appeal from an order and judgment of the County Court of Fulton County (Lomanto, J.), entered September 18, 1996, which granted plaintiff's motion for summary judgment.

On June 14, 1995, defendant contracted to sell a pizzeria she owns in the City of Granville, Washington County, to plaintiff for $145,000. The contract was made contingent upon plaintiff obtaining a $125,000 mortgage. Under paragraph six of the contract, plaintiff agreed "to use diligent efforts to obtain said

approval and shall apply to the financing lenders within five (5) business days after [defendant] has accepted this contract". However, the mortgage contingency was to be "deemed waived" unless plaintiff notified defendant or her attorney in writing "no later than July —, 1995 of his inability to obtain said approvals".* In the event of such a notification from plaintiff, paragraph six provided that the contract would "be deemed canceled, null and void, and all deposits made hereunder shall be returned to the [plaintiff]". Pursuant to the contract, plaintiff promptly applied to Trustco Bank for a mortgage loan and claims that he "did everything asked of [himself] by the bank in connection with the mortgage application".

By letter dated July 24, 1995, Trustco formally notified plaintiff that the loan was denied. Trustco later detailed several reasons for the denial, including plaintiff's limited income and irregular employment history. Thereafter, by certified letter dated August 1, 1995, plaintiff's counsel sought to invoke the contingency clause and cancel the contract, as well as demanding the return of plaintiff's $8,000 downpayment on the contract. Defendant refused to return the downpayment and plaintiff commenced this action seeking its return. Following joinder of issue, plaintiff moved for summary judgment and Supreme Court granted this motion. Defendant appeals.

Initially, we reject defendant's claim that the record establishes that plaintiff waived the mortgage contingency clause. While it is true that such waivers are effectuated in situations where a contract clearly provides for notification of a purchaser's failure to obtain financing by a specified date (*see, Perrino v Hogan*, 175 AD2d 478, 479; *see also, Maxton Bldrs. v Lo Galbo*, 68 NY2d 373, 378; *Alirkan v Garcia*, 162 AD2d 571, 572), here no specific date was detailed in the agreement. While such a blank in the contract would be insufficient to vitiate the entire contract, ambiguity was nevertheless created as to the validity of the waiver clause or the date by which such a waiver provision could become binding (*cf., Rohrwasser v Al & Lou Constr. Co.*, 82 AD2d 1008, 1009). Significantly, where a blank space in a contract has not been filled in, the contract provision may be rendered inoperative and rejected as surplusage if the parties so intended (*see, Federal Deposit Ins.*

---

* Paragraph 22 of the contract reads as follows: "All notices contemplated by this Agreement shall be in writing, delivered by certified or registered mail, return receipt requested, postmarked no later than the required date, or by personal service by such date. Notices may be mailed and faxed in lieu of certified/registered mail."

*Corp. v Herald Sq. Fabrics Corp.*, 81 AD2d 168, 181, *lv dismissed* 55 NY2d 602) or the ambiguity "may be cleared up in the construction of the contract by supplying the omitted words" (22 NY Jur 2d, Contracts, § 229, at 281-282). In resolving such an ambiguity and determining the parties' intent, extrinsic and/or parol evidence may be examined and the opponent of the summary judgment motion "must also disclose in evidentiary form the particular parol evidence, if any, on which it relies" (*Federal Deposit Ins. Corp. v Herald Sq. Fabrics Corp.*, *supra*, at 181). In the absence of such extrinsic proof, a "court may resolve ambiguities appearing in the documents on a motion for summary judgment" (*id.*, at 181-182).

Here, defendant admits in her brief that "there was no specific date inserted during the month of July" in paragraph six of the contract and offers no explanation as to why a more specific date was not provided. Although defendant argues that the date of July 31, 1995 should be read into the waiver provision, the contract was prepared by defendant and, as such, any ambiguity in the contract language should be construed against her (*see, Johnson v Werner*, 63 AD2d 422, 424). Given plaintiff's lack of business expertise and his poor financial position as established by the record, we would have little difficulty in accepting an argument that the waiver provision was meant to be inoperative since the parties did not realistically expect plaintiff to be able to go forward with the sale in the absence of financing. Nevertheless, assuming the parties intended the waiver provision to be effective, we conclude, under the circumstances herein, that the waiver was not meant to become operable until a reasonable time period had expired for plaintiff to obtain financing. Since plaintiff in this case reasonably notified defendant of his desire to invoke the mortgage contingency clause around a week after the denial of credit by the bank, we conclude that the waiver provision was extinguished and that his deposit should have been returned (*see, id.*, at 424).

Defendant's remaining arguments have been considered and are unavailing. With respect to defendant's assertion that plaintiff breached the contract by failing to exercise "diligent efforts" to obtain the mortgage and failing "to pursue all reasonable sources of potential financing", we disagree. The communications from the bank in the record confirm the diligent and good-faith efforts undertaken by plaintiff to qualify for financing and defendant's conclusory allegations otherwise are not persuasive. While defendant speculates as to what plaintiff might have done to cast his mortgage application in a better

light, these arguments are not dispositive given the bank's stated reasons for denial of the application. Moreover, plaintiff was not required to accept defendant's alleged verbal offer through a third party to hold a purchase money mortgage (*see, Waskewich v Redding*, 97 AD2d 758, 759; *see also, Baron v P.R.V. Masonry Corp.*, 155 AD2d 638, 639).

Finally, defendant asserts that plaintiff engaged in an anticipatory breach of the contract prior to the bank's denial of financing. Specifically, defendant's daughters averred that, during the time period plaintiff was applying for the bank mortgage, plaintiff told them that he had changed his mind about going through with the sale. However, even if plaintiff did make such statements to third parties, the record establishes that he continued to cooperate fully with the mortgage application to the bank.

White, Peters, Spain and Carpinello, JJ., concur. Ordered that the order and judgment is affirmed, with costs.