■ DAVID CROSBY et al., Respondents, v RAM FOREST PRODUCTS, INC., Appellant. (Appeal No. 1.) [665 NYS2d 212] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Defendant appeals from a judgment following a jury trial awarding plaintiffs damages based upon defendant's breach of contract and violation of RPAPL 861. Supreme Court properly rejected defendant's contention that RPAPL 861 (1) only applies to trespassers. RPAPL 861 (1) applies whenever "any person cuts down * * * [a] tree * * * on the land of another, without the owner's leave," and it is irrelevant whether defendant's initial entry onto plaintiffs' land was permissive. The court also properly admitted parol evidence to establish the number of trees to be harvested under the contract (see, Smith v Slocum, 71 AD2d 1058, 1059). Furthermore, the damages awarded for failing to cut the treetops in a proper manner were neither excessive nor against the weight of the evidence.

We agree with defendant, however, that the court erred in ruling that plaintiffs were entitled to judgment for treble the entire sum awarded by the jury. Treble damages may be awarded only "[i]n an action brought as provided in this section" (RPAPL 861 [2]). The only item of damages that should have been trebled is the $7,810.97 awarded by the jury for the trees removed from plaintiffs' property without permission. Thus, we modify the judgment by awarding damages in favor of plaintiffs in the sum of $38,086.11, together with costs and interest from January 1, 1993. (Appeal from Judgment of Supreme Court, Monroe County, Stander, J.—RPAPL.) Present—Pine, J. P.,Hayes, Wisner, Boehm and Fallon, JJ.