CONEY ISLAND RESORTS, INC.,
Plaintiff–Appellant,

v.

Rudolph GIULIANI, individually and as Mayor of the City of New York and the City of New York, Defendants–Appellees.

No. 00–7970.

United States Court of Appeals, Second Circuit.

April 18, 2001.

Barry S. Gedan, Larchmont, NY, for plaintiff-appellant.

Alan Beckoff for Michael D. Hess, Corporation Counsel of the City of New York, New York, NY; Stephen J. McGrath, Susan M. Shapiro, and Jill Braverman on the brief, for defendants-appellees.

Present CALABRESI, POOLER and SACK, Circuit Judges.

*SUMMARY ORDER*

UPON DUE CONSIDERATION, it is ORDERED, ADJUDGED, AND DE-CREED that the judgment of the district court be and it hereby is AFFIRMED.

## I. BACKGROUND

Between 1984 and 1998, the City of New York (the "City") and Coney Island Resorts, Inc., ("CIR") engaged in lengthy negotiations aimed at developing Steeplechase Park in Brooklyn into an amusement park. Although a draft ground lease governing the development was negotiated, CIR's inability to secure adequate financing for the project remained a sticking point throughout the negotiations, with the City refusing to enter into the lease before CIR acquired satisfactory financing. In view of this difficulty, the City granted CIR several extensions on City-imposed deadlines for delivery of the lease. The first two extensions the City granted CIR contained ·express language reflecting the City's longstanding insistence that CIR procure financing, and stated that:

> The procurement of financing by CIR in form and amount satisfactory to the City remains [in the second extension letter, "continues to remain"] as one of the conditions to execution and delivery of [the negotiated] ground lease.

*Coney Island Resorts, Inc. v. Giuliani*, 103 F.Supp.2d 645, 649 (E.D.N.Y.2000).

The last three extensions, however, did not expressly condition entry into the lease upon CIR's procuring financing. Instead, these three extensions, and in particular the final extension, stated only that:

i.  "As [a] condition to this extension, Coney Island Resorts ("CIR") shall make a payment to the Economic Development Corporation ("EDC") [of a specified amount by a specified deadline]"; and

ii.  "in the event either CIR has failed to make the required payment within five business days of [a specified date] or has not executed or deliv-

ered the Ground Lease by [a specified date], CIR shall have no authority, right, designation or interest of any kind with respect to [the land at issue]."

CIR now claims that the final extension letter created a contract under which the City agreed to enter into the ground lease provided only that CIR performed the acts specifically identified in that letter, i.e., paid the extension fee and delivered a signed copy of the ground lease to the City by the requisite dates. And CIR, although it did not procure financing, did make the extension payment and did deliver a signed copy of the lease to the City before the expiry of the final extension. Nevertheless, in 1999, the City abandoned the amusement park project and instead, and without CIR's participation, constructed a baseball stadium. CIR claims that in doing so, the City deprived it of its contractual right to the lease, in violation of the Due Process, Contract, Takings, and Equal Protection Clauses, and also the Fourth Amendment, of the federal Constitution.[1]

The district court granted summary judgment in favor of the City. It did so principally by reading the financing condition into the final extension letter on the grounds that, under New York law, the formal and talismanic use of language is not required in contract drafting and that contracts should be read to reflect the clear intent of the parties that make them. *See Coney Island Resorts, Inc.*, 103 F.Supp.2d at 654–55 (citing *Archibald v. Panagoulopoulos*, 233 N.Y. 478, 488–89, 135 N.E. 857 (1922); *Wood v. Lucy, Lady Duff–Gordon*, 222 N.Y. 88, 91, 118 N.E. 214 (1917)). The district court determined that no rational juror could reach any conclusion other than that the parties to the final extension letter intended to maintain

---

1.  In addition, CIR brought a claim based on principles of equitable estoppel, which the district court rejected, *see Coney Island Re-* *sorts, Inc.*, 103 F.Supp.2d at 657, and which has not been renewed on appeal.

rather than abandon the financing condition that had so plainly dominated their earlier negotiations. Accordingly, the district court decided that CIR, which had not procured financing, enjoyed no contractual rights to the lease.

With the contract question decided in this way, the district court quickly dismissed the remainder of CIR's claims. Thus, the district court reasoned that because CIR had no right to enter into the ground lease, it had neither a property right to which its Due Process claim might attach nor a contract right to which its Contract Clause claim might apply. *Id.* at 655. Finally, the district court decided that CIR's remaining assertions—involving claims (a) that the City's actions constituted a regulatory taking of certain land CIR owned adjacent to Steeplechase Park,[2] and (b) that the City ultimately rejected CIR's development proposal because CIR's president Horace Bullard is an African American, thereby violating CIR's rights under the Equal Protection Clause of the Fourteenth Amendment— were straightforwardly meritless.

CIR now appeals.

## II. DISCUSSION

■ We affirm the decision below for substantially the reasons given by the district court. In particular, we agree that CIR's procurement of acceptable financing for the amusement park remained a condition to execution of the ground lease even

under the final extension agreement and therefore that CIR, which never arranged financing, had no contractual right to enter into the lease.[3]

■ We find unpersuasive CIR's main objection to this conclusion—that to read the financing-condition into the final extension agreement between the City and CIR violates the parol evidence rule since the condition did not appear in the writing memorializing that agreement. The New York State law of contracts has indeed adopted the parol evidence rule. *See Cruden v. Bank of New York,* 957 F.2d 961, 976 (2d Cir.1992). But even though, as a general matter, that rule forbids reference to oral agreements or other external evidence that vary the terms of an unambiguous writing, the rule "does not, however, apply where the written contract was not intended to embody the entire agreement between the parties," *Fogelson v. Rackfay Constr. Co.,* 300 N.Y. 334, 338, 90 N.E.2d 881 (1950). Thus "[i]n a case where the contract is existing and valid but incomplete, parol evidence is admissible to complete the writing provided that all the particulars, upon inspection, plainly are not present and the parol evidence sought to be introduced is not contradictory of the written agreement," *Smith v. Slocum,* 71 A.D.2d 1058, 420 N.Y.S.2d 814, 814–15 (4th Dep't 1979). Indeed, in *Lady Duff–Gordon* itself Judge Cardozo famously added a term to the contact there construed—involving a promise by one party to use

---

**2.** On appeal, CIR also argues that the City's physical occupation of that land (through the construction of the baseball stadium) constituted a taking under the Fifth Amendment and a seizure under the Fourth Amendment. The conclusion that CIR had no rights in the land governed by the ground lease is, of course, fatal to these claims also.

**3.** We therefore do not reach the district court's alternate suggestions, presented in dicta, that several of CIR's constitutional claims would fail even if CIR did have a

contractual right to enter into the lease. *See, e.g., Coney Island Resorts, Inc.,* 103 F.Supp.2d at 655 n. 7 (concerning CIR's Due Process claim) and 655 (concerning CIR's Contract Clause Claim). We similarly decline to review the district court's suggestion, also presented in dicta, that an earlier New York State court Article 78 proceeding involving claims related to those presented in the case at bar was never validly commenced by CIR. *See id.* at 651 n. 4.

**14**

reasonable efforts to promote the other party's products—that was not expressly contained in the writing.

The case at bar is plainly of the same sort: the final extension agreement nowhere states that it is fully integrated. Instead, it plainly reflects only a partial agreement to be interpreted against the backdrop of a long-term, ongoing negotiation and contractual relationship. The district court correctly determined that in light of this ongoing relationship, no rational juror could conclude anything other than that the City and CIR intended, in the final extension agreement, to maintain the financing condition.

## III. CONCLUSION

We have reviewed all CIR's remaining claims and find them to be without merit. Accordingly, the district court's grant of summary judgment in the City's favor on all claims is AFFIRMED.