**ANGELO HOLDING CORP.,**
Intervenor–Appellant,

v.

**UNITED STATES of America,**
Plaintiff–Appellee,

**Simpson Borough Place Corp., Brach B. Simpson, New York City Department of Finance, State of New York Department of Taxation and Finance, Defendants–Appellees,**

**John Doe # 1 Through John Doe # 10, Inclusive, Such Names Being Fictitious and Unknown to Plaintiff, The Persons or Parties Intended Being Tenants, Occupants, Persons, Corporations, or other Legal Entities, if any, having or claiming an interest In or Lien Upon the Club Casino Corp., Defendants.**

No. 07–4349–cv.

United States Court of Appeals,
Second Circuit.

March 31, 2009.

Stephen D. Hans, Stephen D. Hans & Associates, P.C., Long Island City, N.Y., for Intervenor–Appellant.

Donald F. Schneider, Schneider, Goldstein & Bloomfield, LLP, New York, N.Y., for Defendants–Appellees.

PRESENT: Hon. GUIDO CALABRESI, Hon. RICHARD C. WESLEY, Circuit Judges, and Hon. CHRISTOPHER F. DRONEY, District Judge.*

### SUMMARY ORDER

Angelo Holding Corp ("AHC") appeals from an order of the U.S. District Court for the Eastern District of New York (Irizarry, *J.*) denying AHC's motion to intervene in a post-foreclosure surplus action, either as of right or permissively pursuant to Rule 24(a) and (b) of the Federal Rules of Civil Procedure. AHC sought to intervene in order to claim the return of a $110,000 down payment paid and forfeited by its predecessor-in-interest during a failed foreclosure sale. Since a later foreclosure sale on the same piece of property (involving a different buyer) was not only successful, but actually resulted in a surplus of nearly $600,000, AHC claims that principles of equity dictate that the

$110,000 be returned. The District Court disagreed, and held that AHC had no claim to the money and in any event was not entitled to intervene fifteen months after AHC became aware of its interest. On appeal, AHC argues that the District Court abused its discretion by denying intervention.

Federal Rule of Civil Procedure 24 governs intervention. In *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171 (2d Cir.2001), we identified the four criteria established by the Rule: "[T]he applicant must (1) file a timely motion; (2) claim an interest relating to the property or transaction that is the subject of the action; (3) be so situated that without intervention the disposition of the action may impair that interest; and (4) show that the interest is not already adequately represented by existing parties." *Id.* at 176. We review the denial of a motion to intervene for abuse of discretion. *Id.* Our review is "particularly deferential" when a District Court denies permissive intervention. *AT & T Corp. v. Sprint Corp.*, 407 F.3d 560, 561 (2d Cir.2005) (quotation marks omitted); *see also United States v. Hooker Chems. & Plastics Corp.*, 749 F.2d 968, 990 n. 19 (2d Cir.1984) ("[A] denial of permissive intervention has virtually never been reversed.").

Here we need only reach the first two factors identified in *Butler.* The first is the timeliness of a motion to intervene. Here, AHC filed its motion to intervene in January 2007, fifteen months after the second (successful) foreclosure sale, and eleven months after that sale was formally closed in February 2006. The District Court found that this untimeliness was "the most important [factor] and the most

---

damaging to Angelo." We find no error in this determination.

The second factor identified by Rule 24 and *Butler* is that the would-be intervenor must "claim an interest relating to the property or transaction that is the subject of the action." *Butler*, 250 F.3d at 176. In order for an interest to be cognizable under Rule 24, it must be "direct, substantial, and legally protectable." *Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir.1990). Here, AHC has no such interest, because AHC's predecessor in interest forfeited its right to the down payment by failing to close the sale. *Johnson v. Werner*, 63 A.D.2d 422, 424, 407 N.Y.S.2d 28 (1st Dep't 1978) ("In the event of a default by the purchaser or a repudiation of the contract of purchase, upon which a down-payment has been made, the law is clear that the purchaser may not recover his down-payment. This is the rule even in instances where the premises are sold for a sum equal to or great than the contract price.") The fact that the second foreclosure sale resulted in a surplus does not create a cognizable interest—equitable or otherwise—in the forfeited down payment.

We have considered all of Appellant's claims, and find them to be meritless. Accordingly, we AFFIRM the decision of the District Court.