# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**283**
**CA 16-01578**
PRESENT: PERADOTTO, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN,

---

GERALDINE H. BURGWARDT, PLAINTIFF-APPELLANT,

V                                            MEMORANDUM AND ORDER

RANDY F. BURGWARDT, DEFENDANT-RESPONDENT.

---

JOHN FENZ, WEST SENECA, MAGAVERN MAGAVERN GRIMM LLP, BUFFALO (SHARON STERN GERSTMAN OF COUNSEL), FOR PLAINTIFF-APPELLANT.

DEMARIE & SCHOENBORN, P.C., BUFFALO (WILLIAM E. SZCZEPANSKI OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), dated October 7, 2015 in this declaratory judgment action. The order denied plaintiff's motion for summary judgment on the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff and her husband (decedent) commenced this declaratory judgment action against defendant, their son, seeking, inter alia, a declaration that they were the lawful owners of the subject premises and that a deed transferring the subject premises to defendant must be canceled. We note at the outset that decedent passed away during the pendency of the action and, pursuant to a stipulated order, plaintiff was permitted to proceed as the sole plaintiff in the action.

Before conducting any discovery, plaintiff and decedent moved for summary judgment on the complaint, contending that, although defendant had been granted power of attorney for plaintiff and decedent under a Statutory Short Form Power of Attorney ([POA] General Obligations Law § 5-1513), he was not granted written authority to make a gift to himself of their real property under the requisite statutory gifts rider (*see* § 5-1514 [1]). They thus contended that defendant lacked the specific written authority to gift the real property to himself (§ 5-1514 [4] [b]), and that the purported conveyance violated the statute of frauds (*see* § 5-703). Additionally, they contended that the conveyance of the property violated section 5-1514 (5) because the conveyance, which was made pursuant to a POA, was not "in the best interest of the principal." We conclude that Supreme Court properly denied the motion.

"A written agreement that is clear, complete and subject to only one reasonable interpretation must be enforced according to the plain meaning of the language chosen by the contracting parties" (*Brad H. v City of New York*, 17 NY3d 180, 185). " 'Extrinsic evidence of the parties' intent may be considered only if the agreement is ambiguous, which is an issue of law for the courts to decide' " (*Innophos*, *Inc. v Rhodia, S.A.*, 10 NY3d 25, 29; *see also Van Kipnis v Van Kipnis*, 11 NY3d 573, 577). These principles of contractual interpretation have been applied to powers of attorney (*see* 2A NY Jur 2d, Agency § 79).

Contrary to plaintiff's contention, the POAs and their attached gifts riders, which "must be read together as a single instrument" (General Obligations Law § 5-1501 [2] [n]), are ambiguous. In the POAs, plaintiff and decedent had authorized defendant, among other things, to make "real estate transactions" on their behalf, and signified their intention to grant defendant authority to make "major gifts and other transfers of [their] property" in accordance with the particular authority specified in the attached gifts riders. The attached gifts riders were executed by plaintiff and decedent, but all of the boxes authorizing defendant to make any gifts, including gifts to himself, were blank. We thus conclude that the instruments are incomplete and internally inconsistent because they express an intention to grant defendant authority to make gifts but then provide no circumstances in which he can exercise any such authority. Indeed, an optional gifts rider is executed only when the principal intends to authorize the agent to make major gifts and analogous transfers of the principal's property (*see* § 5-1514 [1]). Thus, there would have been no need for the gifts riders if plaintiff and decedent did not intend to authorize defendant to make gifts. Inasmuch as "a court should not read a contract so as to render any term, phrase, or provision meaningless or superfluous" (*Givati v Air Techniques, Inc.*, 104 AD3d 644, 645; *see Beal Sav. Bank v Sommer*, 8 NY3d 318, 324), we conclude that the execution and attachment of gifts riders that failed to authorize any gifts created an ambiguity concerning the scope of defendant's authority (*see Boyd v Haritidis*, 239 AD2d 820, 821-822). Parol evidence is thus admissible "to complete the writing" (*Smith v Slocum*, 71 AD2d 1058, 1059; *see Brad H.*, 17 NY3d at 186).

The parol evidence submitted by defendant raises triable issues of fact whether plaintiff and decedent intended to authorize defendant to make a gift to himself of a remainder interest in the real property and, as a result, whether the requirements of General Obligations Law §§ 5-1514 and 5-703 were met.

Entered:  May 5, 2017                        Frances E. Cafarell
                                             Clerk of the Court