Paramax Corp. v VoIP Supply, LLC (2019 NY Slip Op 06267)





Paramax Corp. v VoIP Supply, LLC


2019 NY Slip Op 06267


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


508 CA 18-00994

[*1]PARAMAX CORPORATION, PLAINTIFF-RESPONDENT,
v
VOIP SUPPLY, LLC, SAYERS TECHNOLOGY HOLDINGS, LLC, AND BENJAMIN SAYERS, DEFENDANTS-APPELLANTS. 






GROSS SHUMAN P.C., BUFFALO (KEVIN R. LELONEK OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
HODGSON RUSS LLP, BUFFALO (BENJAMIN M. ZUFFRANIERI, JR., OF COUNSEL), FOR PLAINTIFF-RESPONDENT.


 Appeal from an order of the Supreme Court, Erie County (Henry J. Nowak, Jr., J.), entered April 24, 2018. The order, insofar as appealed from, denied those parts of defendants' motion seeking to dismiss plaintiff's first, third, and fifth causes of action. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting that part of defendants' motion seeking dismissal of the first cause of action, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking to recover from defendants a "[s]uccess [f]ee" that plaintiff alleges it is owed under a contract, pursuant to which plaintiff provided defendants with "financial advisory services" in support of the sale of defendant VoIP Supply, LLC (VoIP). Under the contract, plaintiff was to be compensated for its services based on an hourly rate, plus a success fee of 5% of VoIP's ultimate sale price. Plaintiff alleges, inter alia, that the success fee is owed under the terms of the contract, and also that defendants made representations to plaintiff that they would pay the success fee in order to induce plaintiff to continue providing services in connection with a then-pending sale of VoIP to a buyer. Plaintiff further alleges that defendants terminated the contract prior to the completion of the sale of VoIP and refused to pay plaintiff the success fee. Defendants appeal from an order that, inter alia, denied those parts of their motion pursuant to CPLR 3211 (a) (1) and (7) seeking to dismiss the causes of action for breach of contract, breach of the implied duty of good faith and fair dealing, and promissory estoppel.
Initially, we take judicial notice of an amended complaint filed by plaintiff after Supreme Court ruled on defendants' motion (see Wimbledon Fin. Master Fund, Ltd. v Weston Capital Mgt. LLC, 160 AD3d 596, 596 [1st Dept 2018]; Federated Project & Trade Fin. Core Fund v Amerra Agri Fund, LP, 106 AD3d 467, 467 [1st Dept 2013]), and incorporate its factual allegations into our CPLR 3211 (a) (7) analysis, in which " [w]e accept the facts as alleged in the complaint as true, accord plaintiff[] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory' " (Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 141 [2017], quoting Leon v Martinez, 84 NY2d 83, 87-88 [1994]; see Southwestern Invs. Group, LLC v JH Portfolio Debt Equities, LLC, 169 AD3d 1510, 1510-1511 [4th Dept 2019]). We reject plaintiff's contention that defendants' appeal is rendered moot by the filing of an amended complaint. Although an appeal from an order denying a motion to dismiss a complaint may be moot when that complaint has been superseded by an amended complaint, such an appeal is not moot where, as here "the new pleading does not substantively alter the existing causes of action" (Aetna Life Ins. Co. v Appalachian Asset Mgt. Corp., 110 AD3d 32, 39 [1st Dept 2013]; see Sim v Farley Equip. Co. LLC, 138 AD3d 1228, 1228 n 1 [3d Dept 2016]; Calcagno v Roberts, 134 AD3d 1292, 1292 n [*2][3d Dept 2015]).
We reject defendants' contention that the court erred in denying that part of the motion seeking to dismiss the cause of action for breach of the implied covenant of good faith and fair dealing. "[I]mplicit in every contract is a covenant of good faith and fair dealing . . . , which encompasses any promises that a reasonable promisee would understand to be included" (New York Univ. v Continental Ins. Co., 87 NY2d 308, 318 [1995]; see Elmhurst Dairy, Inc. v Bartlett Dairy, Inc., 97 AD3d 781, 784 [2d Dept 2012]), and which "embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract' " (Dalton v Educational Testing Serv., 87 NY2d 384, 389 [1995], quoting Kirke La Shelle Co. v Armstrong Co., 263 NY 79, 87 [1933]). "Even if a party is not in breach of its express contractual obligations, it may be in breach of the implied duty of good faith and fair dealing . . . when it exercises a contractual right as part of a scheme to realize gains that the contract implicitly denies or to deprive the other party of the fruit [or benefit] of its bargain' " (Elmhurst Dairy, Inc., 97 AD3d at 784; see Ahmed Elkoulily, M.D., P.C. v New York State Catholic Healthplan, Inc., 153 AD3d 768, 770 [2d Dept 2017]). Here, plaintiff's allegations that defendants represented to plaintiff that it had already earned the success fee, and simultaneously asked plaintiff to refrain from contacting the buyer in an effort to obstruct plaintiff from actually triggering its entitlement to that fee, are sufficient to state a cause of action for breach of the implied covenant of good faith and fair dealing inasmuch as the alleged conduct may constitute " a scheme to . . . deprive the other party of the fruit [or benefit] of its bargain' " (Elmhurst Dairy, Inc., 97 AD3d at 784).
We also reject defendants' contention that the court erred in denying the motion with respect to the cause of action for promissory estoppel. A cause of action for promissory estoppel requires "a clear and unambiguous promise, reasonable and foreseeable reliance by the party to whom the promise is made, and an injury sustained in reliance on that promise" (Vassenelli v City of Syracuse, 138 AD3d 1471, 1475 [4th Dept 2016] [internal quotation marks omitted]; see Durham Commercial Capital Corp. v Wadsworth Golf Constr. Co. of Midwest, Inc., 160 AD3d 1442, 1445 [4th Dept 2018], lv denied 32 NY3d 907 [2018]). Plaintiff's promissory estoppel cause of action is based on alleged assurances made by defendants after the written contract was executed, which the written contract does not govern. We conclude that plaintiff's allegations that defendants represented to plaintiff that they would pay the success fee in order to induce plaintiff to continue to work on the deal, that plaintiff relied on defendants' representations in performing the work, and that payment of the success fee was not made, are sufficient to state a cause of action for promissory estoppel.
We agree with defendants, however, that the court erred in denying that part of their motion seeking to dismiss the first cause of action for breach of contract. Plaintiff is not entitled to the success fee under the unambiguous terms of the contract, which required either that plaintiff identify or contact the buyer or that the sale close prior to termination of the contract. "A written agreement that is clear, complete and subject to only one reasonable interpretation must be enforced according to the plain meaning of the language chosen by the contracting parties" (Brad H. v City of New York, 17 NY3d 180, 185 [2011]; see Burgwardt v Burgwardt, 150 AD3d 1625, 1626 [4th Dept 2017]). In construing an agreement, "language should not be read in isolation" (Brad H., 17 NY3d at 185), rather, it " must be read as a whole to give effect and meaning to every term' " (Maven Tech., LLC v Vasile, 147 AD3d 1377, 1378 [4th Dept 2017]). In its respondent's brief, plaintiff contends that its provision to defendants of materials, advice, and revisions of documents related to the sale, which were later shared with the buyer by defendants, were sufficient to constitute "contact" between plaintiff and the buyer within the meaning of the contract. That interpretation, however, does not comport with plain meaning of the word "contact" (see Merriam-Webster Online Dictionary, contact [http://www.merriam-webster.com/dictionary/contact]), nor does it account for the contract's treatment of such services as separate discretionary items that were distinct from "contact[ing prospective buyers]." Inasmuch as the term "contact" is not reasonably susceptible of the meaning proffered by plaintiff, we agree with defendants that the breach of contract cause of action premised on that construction must be dismissed.
We have considered defendants' remaining contention and conclude that it is without merit.
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court